JOHN R. HAINES v. THOMAS G. ROEBUCK.

1. The jurisdiction of the Common Pleas over the proceedings of District Courts by way of appeal is only to review the judgment and decisions of the latter court in matter of law.
2. The statutory provisions that the Pleas " may either order a new trial on such terms as it thinks fit, or may order judgment to be entered for either party, as the case may be," regulates the procedure of the Pleas upon an appealable decision. It does not give the Pleas a discretionary control over the proceedings of the District Court, to be exercised independent of an erroneous determination or decision of the latter court in point of law.
3. Although granting or refusing an adjournment is in the discretion of the judge of the District Court, yet a wrongful refusal of an adjournment, whereby a party has been prevented from procuring his witnesses and making defence on the merits, is an error remediable on appeal.

On *certiorari* to the Court of Common Pleas of Essex county.

Haines sued Roebuck in the Second District Court of the city of Newark, and recovered judgment. Roebuck appealed to the Court of Common Pleas, and the court ordered that the judgment be set aside and that there be a new trial. Upon this order or judgment of the Pleas, Haines sued out this writ of *certiorari*.

Argued at February Term, 1885, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff in *certiorari*, F. W. Stevens.

*Contra*, E. Livingston Price.

The opinion of the court was delivered by

DEPUE, J. By the twelfth section of the act to establish District Courts in the city of Newark, an appeal is given to the Court of Common Pleas where either party shall be dis-

satisfied with the determination or direction of the judge of the District Court in point of law or upon the admission or rejection of evidence. *Pamph. L.* 1873, *p.* 248. The words " determination or direction in point of law or upon the admission or rejection of evidence," in the statute, define the jurisdiction of the Court of Common Pleas by way of appeal. The words in the same section, that " the said Court of Common Pleas may either order a new trial on such terms as it thinks fit, or may order judgment to be entered for either party, as the case may be," regulate the procedure in the Court of Common Pleas upon an appealable determination or direction of the District Court; and by section 16 the order, determination or decision of the Common Pleas on the appeal is reviewable in this court by writ of *certiorari.* By this statute the jurisdiction and power of the Common Pleas, on appeal, over the proceedings of the District Courts, is analogous to the jurisdiction exercised by this court over the proceedings of inferior tribunals by writ of *certiorari* to review errors in law. The Court of Common Pleas, by an appeal, does not obtain a discretionary control over the proceedings of the District Court, to be exercised independent of an erroneous determination or direction of the District Court in point of law. The jurisdiction acquired by the appeal is simply for the review of errors in law in the court below.

The grounds for the reversal of the judgment of the District Court—for that, in legal effect, is the result of the determination of the Court of Common Pleas—do not appear in the papers returned with this writ. We gather from the briefs of counsel that it was based upon supposed error of the judge of the District Court, either in refusing an adjournment to the defendant, or in the form in which the judgment was entered.

The power of adjournment granted by the thirtieth section of the Justices' Court act, by which the practice and procedure of the District Courts in Newark are regulated, is expressed in language importing a discretionary power, and it has been held that the granting or refusal of an adjournment is in the discretion of the justice. *Doughty* v. *Jones*, 2 *Penn.* 654.

Haines v. Roebuck.

And yet the wrongful refusal of an adjournment, whereby a party has been prevented from procuring his witnesses and making defence upon the merits, has been regarded as an error. The justice, having refused to act upon reasonable ground for an adjournment, is presumed to have acted upon a misapprehension of the law, and to have proceeded upon an erroneous principle. *Horner* v. *Hewlings*, 3 *Halst.* 227, 230; *Gould* v. *Brown*, 4 *Halst.* 165, 166. Such an error in the proceedings of the District Court may be made the ground of appeal and reversal in the Court of Common Pleas. The ninth section of the District Court act of 1873, which allows the judges of said courts "to adjourn said court, or the hearing or further hearing of a cause or proceeding, in such manner as to the judge may seem fit," has not changed the law in that respect.

The suit was tried on the return-day of the summons, May 29th, 1882. The defendant appeared at that time, and applied for an adjournment until the 3d day of July next. In support of such application the defendant filed an affidavit of the absence of one Hemingway, who had gone abroad before the suit was begun, to be temporarily absent, whose testimony he expected to be able to produce on a future day, to which he asked to have the cause adjourned. In this affidavit the defendant stated that he had a just and legal defence to said suit; that Hemingway was his general business manager at the time of the purchase of the cloth in question, and that he was perfectly familiar with all the facts connected with the dealings between him and the plaintiff upon which the action was founded; that by the terms of the sale of the goods no part of the plaintiff's account was then due and payable; that there was a substantial difference between the measurements of certain cloths included in the plaintiff's account and the quantity of cloths received by the defendant, and that the shortage in the measurements of said cloths and the terms of the sale thereof were well known to said Hemingway. This presentation of facts, standing alone, presented a clear case for an adjournment, the refusal of which would have been legal error.

To meet this claim to an adjournment, the state of the case certified to the Common Pleas states that upon the application for the adjournment the plaintiff was sworn and examined in open court, and testified that the defendant had lately told him that if he was sued by the plaintiff, he (the defendant) would fix things so that the plaintiff would never get a cent, and that the defendant had lately paid him $100 on account of the claim on which the suit was brought, and had promised to pay him $44 in a few days, and the balance as soon thereafter as he could, and that the defendant was then in court and refused to go on the stand as a witness, to controvert these statements.

The judge further certified that he refused the adjournment, and ruled that the plaintiff might go on and prove his case and that if judgment was given for the plaintiff, an execution might issue and a levy be made, but that all further proceedings should be stayed for five weeks, during which time the defendant should be at liberty to apply to have the judgment opened and to produce his evidence—that is, to have a new trial—the judges of District Courts having, by the eleventh section of the act, power to grant a new trial.

The judge of the District Court further certified, in obedience to a rule upon him granted by the Common Pleas, that he refused to grant the adjournment because he was "satisfied from the evidence and from the conduct of the defendant that the adjournment was not asked for in good faith, but for the purpose of defrauding the plaintiff." The testimony which was before the judge on the application for the adjournment, and was uncontradicted, tends strongly to support his conclusion that the application was not made in good faith or for the purpose of an opportunity to present a meritorious defence, and the judge proposed to place the proceedings, after trial and judgment, under such judicial control, until the date at which the defendant in his affidavit professed ability to produce his witness, that the defendant might have opportunity to apply for a new trial, and have the benefit of the testimony of the absent witness. Under these circumstances the judge properly

exercised his discretion with respect to the adjournment, and his judgment should not have been reversed on that ground.

The objection to the form in which the judgment of the District Court was entered is not sustained. By the state of the case certified to the Common Pleas, it appears that "judgment was given in favor of the plaintiff and against the defendant for $144.43 debt and $3.82 costs." The addition to the entry of the judgment of the words " with the restriction as to the issuing of the execution above stated," did not impair the entry of the judgment. If that were erroneous, the error was in favor of the defendant and he could not complain of it.

The judgment and order of the Common Pleas are reversed and set aside.