30 N.J. Super. 423 (1954)
105 A.2d 10
PEARL STEIGINGA AND GEORGE STEIGINGA, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
LEOPOLD E. THRON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 3, 1954.
Decided May 14, 1954.
*424 Before Judges CLAPP, FREUND and SCHETTINO.
Mr. Louis Santorf argued the cause for plaintiffs-appellants (Mr. Peter Calcia, attorney).
Mr. Gerald E. Monaghan argued the cause for defendant-respondent (Messrs. Morrison, Lloyd & Griggs, attorneys).
The opinion of the court was delivered by CLAPP, S.J.A.D.
This appeal arises out of a refusal by the court below to grant plaintiffs' plea to adjourn the trial of a case. Upon their counsel's assertion that they could not proceed with the case that day, the court dismissed the case, even though the statute of limitations had run. Was this error?
The action is founded on a charge of malpractice on the part of the defendant, a physician. At the time it was *425 dismissed, it was the second oldest case on the trial calendar. Pending for 22 months, it had been set down for trial 11 times, five times peremptorily; and on the Monday it was dismissed, it had been marked "special and definite."
Plaintiffs sought an adjournment that Monday because on the preceding Saturday, at 5:12 P.M., Dr. James V. Ricci of 30 E. 76th Street, New York, N.Y., a professor of gynecology and obstetrics at the New York College of Medicine, who was the only expert witness retained on plaintiffs' behalf, had, without warrant and without further notice, declined "on second thought" to testify against "a brother practitioner." This, even though, as it is said, he then reiterated the respects wherein the defendant had been negligent. Appellants have reason to say that the testimony he was to have given was a vital part of their case. Carbone v. Warburton, 22 N.J. Super. 5 (App. Div. 1952), affirmed 11 N.J. 418 (1953).
On the Monday mentioned, all witnesses on both sides were then in court or subject to call, except Dr. Ricci. So far as we have been advised, there were, except as to two days, satisfactory excuses for the previous adjournments referred to. At any event, such blame as there is for past postponements falls as much upon the defendant as upon the plaintiffs.
The circumstances of the case must be looked at in the light of  the matter is of sufficient public concern to call for plain speaking  a shocking unethical reluctance on the part of the medical profession to accept its obligations to society and its profession in an action for malpractice. Carbone v. Warburton, 11 N.J. 418, 427 (1953), supra. The matter is perhaps complicated by costs of insurance these days. The problem is recognized, and some efforts are being made to meet it, but little has come of them in this State. It might not be amiss to observe that recently in one or two counties in one state, the county bar association and the county medical association have set up a panel of physicians and surgeons to assist plaintiffs' attorneys in malpractice claims. A charge of malpractice is a serious and emburdening *426 charge upon a professional man, but it is not answered by an attempt to throttle justice.
A case should not be dismissed for failure of a party to be ready for trial unless his actions show a deliberate and contumacious disregard of the court's authority. Allegro v. Afton Village Corp., 9 N.J. 156 (1952). To state the standard is to point up the deficiency in the record here. Where an injustice is done in refusing an adjournment, the appellate court will reverse. Allegro v. Afton Village Corp., supra; In re Koretzky's Estate, 8 N.J. 506, 535 (1951); Amo v. Genovese, 17 N.J. Super. 109 (App. Div. 1951); Haines v. Roebuck, 47 N.J.L. 227 (Sup. Ct. 1885), upsetting the earlier cases which had held it a non-reversible matter, McCourry v. Doremus, 10 N.J.L. 245 (Sup. Ct. 1828); Leconey v. Overseer of Poor, 43 N.J.L. 406 (Sup. Ct. 1881).
Each case must stand on its own facts. The trial judge on an application for an adjournment has  in the very manner and appearance of the application and in other respects  the means of rendering a proper decision which an appellate court has not. Ogden v. Gibbons, 5 N.J.L., p. 518, Reprint p. 612, p. 531, Reprint p. 625 (Sup. Ct. 1819), reversed (in the usual manner of the Court of Appeals then, without assigning reasons "publicity" or divulging the names of the members of the court voting for affirmance or reversal) 5 N.J.L., p. 853, Reprint p. 1005; Allegro v. Afton Village Corp., 9 N.J. 156 (1952), supra. It will therefore require a clear case for us to interfere, but we think this to be such a case. Plaintiffs were caught in the predicament adverted to, with respect to malpractice litigation, and clearly were not contumacious.
The trial courts in this State are, as stated in Allegro v. Afton Village Corp., supra, doing a notable work in the expedition of litigation and, thus, in the furtherance of justice; but in the disposition of this case we take a different view from that taken below. We think here there was an injustice.
Reversed, costs to abide the event of the trial.