JAY ESCOETT, PLAINTIFF-RESPONDENT, v. ALDECRESS COUNTRY CLUB, A CORPORATION OF THE STATE OF NEW JERSEY, *ET AL.*, DEFENDANTS-APPELLANTS.

Argued January 6, 1958—Decided February 17, 1958.

162

*Mr. Milton Rosenkranz* argued the cause for the defendants-appellants, and appeared as attorney for the defendants-appellants Donald J. Flamm and Donmor Realty Corporation.

*Mr. George F. Losche* for the defendants-appellants Aldecress Country Club (*Messrs. Losche and Losche,* attorneys).

*Mr. Max Eisenstein* for the remaining defendants-appellants (*Messrs. Eisenstein and Eisenstein,* attorneys).

*Mr. Arthur C. Gillette* argued the cause for the plaintiff-respondent.

PER CURIAM. This is an appeal by the defendants from a judgment of the Appellate Division, which by a divided court reversed a judgment of the Chancery Division, denying the plaintiff's request for an adjournment of the defendants' motion to dismiss to permit plaintiff to obtain counsel to oppose the motion, and granting the defendants' motion to dismiss plaintiff's action with prejudice for his failure to prosecute within the time limit specified in *R. R.* 4:42–2(*a*). The Appellate Division directed that the case be remanded in order that the plaintiff be allowed a reasonable time to obtain counsel to oppose the defendants' motion to dismiss. 46 *N. J. Super.* 345 (1957).

 Due to the fact that this case has been pending since December 29, 1953, and that a remand for argument on the motion to dismiss would in all probability only result in even more delay in the final determination of the action,

we decided to exercise our original jurisdiction pursuant to R. R. 1:5–4 in order to expedite a final determination of the controversy. To that end we requested that the plaintiff submit an affidavit detailing his efforts to diligently prosecute his action; the reason for his failure to complete his discovery of the defendants' records; and his intention in regard to the completion of that discovery and the future prosecution of his action. The defendants were directed to file an answering affidavit. Upon consideration of the affidavits submitted, it is the opinion of this court that the judgment of the Appellate Division be affirmed, in accordance with the majority opinion, except that the case shall not be remanded for a hearing upon the defendants' motion to dismiss, but shall instead be remanded pursuant to the directions hereinafter set forth.

█ It appears from the plaintiff's affidavit that between July 9, 1956, when his original counsel notified him of their intended withdrawal, and February 21, 1957, when the action was dismissed with prejudice, he had consulted a number of attorneys in an effort to secure counsel to represent him. It further appears that the plaintiff has incurred an indebtedness to his accountants, engaged to audit the defendants' records, of $38,827.60, of which he has paid on account $27,531.36. It also appears that he has incurred an obligation to his original counsel in excess of $13,000, of which he alleges payment of $5,000. Whether the reason for the unwillingness of the attorneys consulted to represent the plaintiff was due to his financial involvement or the want of merit in his case does not appear. Dismissal of plaintiff's action for failure to prosecute his action within the time limit provided by R. R. 4:42–2(a), where he has made extensive but unsuccessful efforts to secure counsel, seems too drastic.

According to the affidavits submitted, plaintiff has not yet succeeded in retaining counsel to prosecute this cause of action, but he avers that if given the opportunity he will make every effort to secure counsel for that purpose. Plaintiff's present counsel was retained solely for this appeal.

With respect to plaintiff's failure to complete the audit of the defendants' books, it appears that the accountants engaged refused to complete it until they were fully paid for the services already rendered. The audit was commenced over two and a half years ago and suspended on July 2, 1956, because of non-payment of the balance owed by the plaintiff. The plaintiff presently is indebted to his accountants for approximately $11,000. The plaintiff asserts that he intends to complete this audit and seeks our direction as to "the limits of any further auditing."

Without attempting to reprise the events which have resulted in a delay of over four years since the inception of this litigation, including a prior appeal to this court, 16 *N. J.* 438 (1954), it is sufficient to say that the plaintiff has been rather derelict in the prosecution of his action and that his conduct during this period may be characterized as less than commendable. But in view of his extensive, but unavailing efforts, to secure counsel and the large sums of money he has already expended and for which he is indebted, we think that he should not at this time be foreclosed by dismissal of his complaint.

However, the defendants cannot be required to await the plaintiff's convenience. This suit has been pending entirely too long and must be either diligently prosecuted or abandoned. While we agree that the plaintiff should be granted an opportunity to obtain counsel, if he is unable to do so within the time limits to be specified herein for the prosecution of his action, that reason will no longer be countenanced as an excuse for further postponement.

In regard to the audit, the plaintiff has had more than ample time to have completed it. If the plaintiff had advanced the necessary funds it would have in all probability been completed long before now. The future prosecution of this action cannot be made contingent upon plaintiff's payment of the balance due to his accountants. If the audit cannot be completed within the time to be specified any prejudice that may result will be attributable solely

to factors within the plaintiff's control. In fairness to the defendants, the plaintiff must either complete the audit within the time to be specified or abandon his reliance thereon.

Accordingly, we hold that the judgment of the Appellate Division be affirmed, except that in order to bring this action to a prompt conclusion, it be modified in accordance with the following directions:

(1) All discovery proceedings, including the audit, shall be concluded within 75 days from the date of the mandate to be issued pursuant to this opinion; at the end of that period the plaintiff shall deliver to the defendants a copy of the final report of the audit or inform them of his intention to abandon his reliance thereon.

(2) Within 20 days from the date of the mandate, the defendants shall file answers to the amended complaint in which the defendants may merely leave the plaintiff to his proof or the defendants may take any other action which they may deem appropriate.

(3) The pretrial conference shall be held at the conclusion of the said 75 day period or within one week thereafter. The defendants may enlarge upon their answer at that time. Any motions shall be disposed of at or before the pretrial conference.

(4) If the action is not finally disposed of on or before the pretrial conference, it shall be tried on its merits not later than 20 days from the date of the pretrial conference.

(5) If the plaintiff is unable to obtain counsel to prosecute his action, he must either abandon his action or proceed *pro se*. In any event, the terms above set forth must be strictly complied with. Failure of the plaintiff to comply with any of these terms shall subject his action to dismissal with prejudice.

(6) The foregoing timetable is for the protection of the defendants. The court may alter it upon the defendants' application for good cause shown.

The judgment is affirmed as modified. No costs.

*For affirmance*—Chief Justice WEINTRAUB, and Justices HEHER, WACHENFELD, BURLING, JACOBS, FRANCIS and PROCTOR—7.

*For reversal*—None.