61 N.J. Super. 263 (1960)
160 A.2d 517
DANIEL S. BELL, PLAINTIFF,
v.
LLEWELLYN PUBLICATIONS CO., INC., A NEW JERSEY CORPORATION, AND LLEWELLYN PUBLICATIONS CO., INC., T/A THE TRIBUNE AND BARBARA ANTHONY, FRANK DUNHAM, WILLIAM SMULLEN, CHESTER E. LIGHAM, TABLOID LITHOGRAPHERS, INC., A NEW JERSEY CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 11, 1960.
Decided May 2, 1960.
*264 Before Judges GOLDMANN, CONFORD and HANEMAN.
Mr. Harry Green argued the cause for appellant (Mr. Ernest N. Giannone, attorney; Mr. Harry Green, of counsel and on the brief).
Mr. William Rowe argued the cause for respondents (Messrs. Steelman, Lafferty, Rowe & McMahon, attorneys; Mr. Walter D. Van Riper on the brief for respondent Chester K. Ligham; Messrs. Van Riper & Belmont, attorneys).
The opinion of the court was delivered by HANEMAN, J.A.D.
Plaintiff appeals from a judgment of the Law Division dismissing his libel and slander action against defendants for lack of prosecution. Although the dismissal was without prejudice, it, in effect, amounted to a dismissal with prejudice since the one-year statute of limitations had already run.
Plaintiff, an attorney-at-law of the State of New Jersey, commenced this action on June 5, 1958, alleging that defendants had falsely and maliciously associated him with communism during his 1958 campaign for the Republican *265 nomination for mayor of East Orange. All defendants filed answers by July 7, 1958, and discovery proceedings then took place. Thereafter, at the pretrial on May 6, 1959, a settlement was attempted, the suggested terms being that all defendants would jointly pay plaintiff's counsel fee of $500 and that there would be a retraction. The settlement fell through, however, and plaintiff, in September 1959, moved for an order restoring the case to the active list, which motion was granted on September 23, 1959. By an order filed September 24, 1959, the Law Division set the pretrial for October 16, 1959. The pretrial order was filed on October 20, 1959, estimating a two-day trial which was peremptorily set for October 26, 1959. It also excluded Tabloid Lithographers, Inc. as a defendant. Plaintiff's motion for summary judgment, filed on October 20, 1959, was denied on October 22, 1959. For some reason which does not appear, the case was not tried on the October date, and was again set down for trial on November 17, 1959. However, on November 17, 1959, due to the illness of plaintiff's counsel, Mr. Giannone, the case was postponed until December 14, 1959. At the request of defendant William Smullen, who appeared pro se, the case was again postponed to December 15, 1959.
Up until December 6, 1959 Ernest N. Giannone, Esq. was plaintiff's sole attorney and conducted all the proceedings in the case. Moreover, it should again be noted that plaintiff himself was a practicing attorney-at-law of New Jersey. However, on or about December 6, 1959 plaintiff decided that he would like to have Harry Green, Esq., try his case. At that time Mr. Green stated that he would not be available on December 14 or 15 because he had other cases set down for trial that week and he had already arranged to go to California to visit his daughter and grandchildren on December 21, 1959, but that he would be ready to try the case on January 18, 1960. On December 7, 1959 Mr. Green wrote a letter to Judge Waugh, assignment judge of Essex County, setting out the above facts *266 and requesting that the trial be continued until after the first of the year. He also stated that although the pretrial order had estimated the time necessary for trial as two days, he calculated that it would take at least seven or eight days. Counsel for all defendants, except William Smullen, agreed to the requested adjournment. Mr. Green received no answer from Judge Waugh.
On December 15, 1959 plaintiff's counsel, Mr. Giannone, appeared in court to answer the daily calendar call, and was the only attorney involved in this action who appeared, all of the others apparently assuming that the requested adjournment had been granted. Nevertheless, the court marked the case "ready" and directed Mr. Giannone to remain in court until it was reached. At about 3:00 P.M. the court decided that the case would have to be carried over until the following day, and directed Mr. Giannone to notify other counsel.
On December 16, 1959 Mr. Giannone stated that he was not prepared to try the case because Mr. Green had been engaged to try it, and again requested an adjournment. In reply, Judge Waugh summarized the long-drawn-out history of this case and stated that,
"* * * [T]he Court had a letter from Mr. Green that merely informed the Court that Mr. Green would not be available until after the first of January. The Court was not consulted in advance as to whether or not this was agreeable to the Court.
I hold that counsel cannot bring in associate counsel after the case is a year and a half old unless the associate counsel is prepared to proceed on the day that the case is set." (Emphasis supplied.)
Nevertheless, after consulting with plaintiff, who was himself trying a case in the district court, Mr. Giannone informed the court, "He doesn't want me to try the case. He wants Mr. Green to try it." A short time later, plaintiff appeared before the court and, in his own behalf, stated, "I would like to say I feel I cannot in good conscience go ahead unless Mr. Green represents me."
*267 After listening to the testimony, Judge Waugh concluded,
"As I see it there is a matter of calendar practice and principle involved in this case. There has been absolutely no showing other than the statement that plaintiff would prefer other counsel to try the case. Admittedly the plaintiff is a member of the bar and has knowledge of how these things work.
I therefore deny the adjournment, and in view of plaintiff's decision that he does not desire to go on without Mr. Green, I have no alternative but to dismiss the matter. * * *
* * * I will rule that when counsel gets into a case that is this old he must find out whether or not it is agreeable to the Court that there be an adjournment. * * *
* * * [T]he pretrial statement states * * * `two days' and * * * [it] is signed by the attorney for the plaintiff. [In any event, I now have available for the trial of this case] twice the amount of time that the attorneys said it would take to try [it]." (Emphasis supplied.)
It must be made clear that attorneys cannot be allowed to dictate court calendars to suit their own conveniences. This would result in nothing less than chaos in the orderly and efficient scheduling of cases for trial. Trial judges are to be commended for their efforts in bringing calendar control to its present high state, and the problem of whether or not to dismiss an action is peculiarly within their sound discretion. An appellate court should not interfere unless it appears that an injustice has been done. Allegro v. Afton Village Corp., 9 N.J. 156, 160, 161 (1952); R.R. 4:42-2(a).
It is true that several of the cases cited by plaintiff state that the dismissal of a party's cause of action is drastic punishment and should not be invoked unless the actions of the party show a deliberate and contumacious disregard of the court's authority. Allegro v. Afton Village Corp., supra; Lang v. Morgan's Home Equipment Corp., 6 N.J. 333 (1951); Steiginga v. Thron, 30 N.J. Super. 423 (App. Div. 1954). The court in Steiginga v. Thron, supra, added, however, that "Each case must stand on its own facts," and that since the trial judge is in a better position than an appellate court to render a proper decision in an application *268 for an adjournment, it will require a clear case to justify interference. Steiginga v. Thron, supra, at page 426.
The facts presented in the cases cited by plaintiff are clearly distinguishable from those involved herein. In Escoett v. Aldecress Country Club, 26 N.J. 160 (1958), the plaintiff, a layman, had made extensive, but unavailing, efforts to secure counsel and had spent large sums of money in the preparation of his case. The plaintiff in Allegro v. Afton Village Corp., supra, was also a layman who was seeking an adjournment in order to secure effective assistance of New Jersey counsel. Lang v. Morgan's Home Equipment Corp., supra, was concerned with the validity of a judgment dismissing the defendant's counterclaim for failure to comply with an order for discovery of its books and records. In concluding that the penalty was more severe than necessary, the Supreme Court relied heavily on the express statement of the trial court that the defendant had not been contumacious. Steiginga v. Thron, supra, was a malpractice action. The appeal arose from a refusal by the trial court to grant plaintiff's request for an adjournment due to the fact that his only expert medical witness had refused at the "last minute" to testify against a brother practitioner. The court held that the case must be decided in the light of the "shocking unethical reluctance on the part of the medical profession to accept its obligations to society and its profession in an action for malpractice." In recognition of plaintiff's predicament and the serious public nature of a malpractice charge, it was held that the trial court's refusal to grant an adjournment was unjust. Pepe v. Urban, 11 N.J. Super. 385 (App. Div. 1951), also was concerned with the dilemma of a plaintiff arising from the failure of her expert medical witness to appear at the trial even though her attorney had taken every proper step to obtain his attendance. Holding that the inquiry in all cases must be whether or not an injustice has been inflicted, the court concluded that an adjournment should have been granted.
*269 In a case where the summons and complaint had not issued until over seven months from the date of filing the complaint, the court wrote the following significant language:
"The rule [now R.R. 4:42-2(a)] would lose its efficacy if the court without good cause or extenuating circumstances should fail to enforce it. Conceivably, there may be numerous instances where the court in the exercise of its discretion will refuse to dismiss an action, e.g., illness of counsel; but the court must be given a valid reason why the action should not be dismissed when it appears that the summons has not issued within five days [now ten days] after the filing of the complaint, or the action is not prosecuted for six months. * * *
It is unpleasant for the court to dismiss actions because of failure to abide by the rules, but if the rules are to have any significance they must be respected by the bar as well as the bench." (Emphasis supplied). Pagano v. Krispy Kernals, Inc., 10 N.J. Super. 588, 590, 591 (Law Div. 1950).
Plaintiff in the case sub judice is an attorney-at-law of the State of New Jersey. In addition, he has been represented  and apparently still is represented  by Ernest N. Giannone, Esq., since June 1958. It was not until December 6, 1959, when his case was a year and a half old, and after it had been twice scheduled for trial, that plaintiff requested Harry Green, Esq. to represent him at the trial  which was scheduled for December 15, 1959. It is not suggested that Mr. Green was to be substituted as general counsel but merely that he was to act as an associate of Mr. Giannone for the purpose of trial only. Plaintiff has offered no valid explanation as to why he delayed so long in seeking the services of Mr. Green. As an attorney, he should have been aware of the necessity to respect the trial calendar. This is not a case where a layman plaintiff has been seeking, to no avail, to acquire the services of counsel. Plaintiff herein not only is a practicing New Jersey attorney himself, but was represented in court on the day of the dismissal by another New Jersey attorney, Mr. Giannone. Plaintiff deliberately hired Mr. Green "at the eleventh hour" even after he was told that Mr. Green would be unable to try the case on the day scheduled. Neither he, his attorney *270 of record, nor Mr. Green sought to ascertain the position of Judge Waugh concerning the request for adjournment made in the letter. They presumptuously assumed that no reply signified the judge's approval of the delay. Furthermore, when informed that the trial must go on as scheduled, plaintiff obstinately refused to proceed, either by himself or through Mr. Giannone. There has been no claim either before Judge Waugh or on this appeal that the case could not have been tried when scheduled without the services of Mr. Green. In our judgment, this amounts to a clear flouting of the authority of the assignment judge and, of itself, would justify dismissal of the action. Under the circumstances, we cannot say that the trial judge abused his discretion in dismissing plaintiff's action for lack of prosecution.
Affirmed.