ALBERT A. LANG, PLAINTIFF-RESPONDENT, v. MORGAN'S HOME EQUIPMENT CORP., DEFENDANT-APPELLANT.

Argued January 29, 1951—Decided February 12, 1951.

334

Mr. *Harry Weltchek* argued the cause for the appellant (*Messrs. Weltchek & Weltchek,* attorneys).

Mr. *Irving Morris* argued the cause for the respondent (*Messrs. Robinson & Morris,* attorneys).

The opinion of the court was delivered by

VANDERBILT, C. J. From a judgment of the Essex County Court dismissing the defendant's counterclaim for failure to

comply with an order to produce certain books and records the defendant took an appeal which we have certified on our own motion.

The plaintiff instituted this action against the defendant to recover commissions and salary alleged to be due him for services rendered in 1947 and 1948, when he was employed as the manager of the defendant's Newark office. The defendant filed a counterclaim seeking to hold the plaintiff responsible for alleged shortages in the amount of $12,887.96. Subsequently the plaintiff served interrogatories on the defendant for the purpose of obtaining, among other things, information with respect to inventories at the Newark branch during the years in question. The defendant answered certain of the interrogatories, but as to others merely stated they were "improper" without any attempt to comply with *Rule* 3:33, which provides in part:

> "Within 10 days after service of interrogatories a party may serve written objections thereto together with a notice of the hearing of the objections at the earliest practicable time. Answers to interrogatories to which objection is made shall be deferred until the objections are determined."

Thereafter the plaintiff moved the court to suppress the answer and to dismiss the counterclaim on the ground of the defendant's failure to answer the interrogatories. Instead, on September 13, 1949, the court entered an order requiring the defendant to answer the interrogatories and providing:

> "It is further ordered that the defendant permit the plaintiff to make an examination of defendant's books and all of its records relative to all sales made and collected by the defendant through its office in Newark, New Jersey, for the years 1947 and 1948, and the books and records of the defendant relative to any inventories taken by the defendant during the years 1947 and 1948, said examination to be held at the place of business of the defendant at Newark, New Jersey, upon the attorneys for the plaintiff giving 7 days' notice of their desire to examine said books and records, * * *."

In accordance with this order the plaintiff gave notice of his desire to examine the defendant's books and records on June

27, 1950, at its Newark office. On that date the plaintiff's counsel attended at the defendant's place of business in Newark, but no books and records relating to the inventories of 1947 and 1948 were produced by the defendant. On the contrary, in defiance of the order counsel and an officer of the defendant stated that the documents would be made available only in Boston.

On July 31, 1950, the plaintiff moved the court for an order suppressing the counterclaim and answer and for such other relief as might be proper in the circumstances, basing the application on the defendant's refusal to comply with the quoted order of September 13, 1949. The judge hearing the motion conferred during the argument with the judge who had granted the order and subsequently on August 2, 1950, entered judgment dismissing the counterclaim. Two days thereafter further argument was had on the defendant's objection to the form of the judgment. At this hearing the defendant's argument to the effect that it had not construed the order of September 13, 1949, to include a recapitulation prepared by its accountants of the 1947 and 1948 inventories together with supporting documents was cut short by the court, since that question had been argued at length at the hearing on the motion. The court did state, however, that while the defendant had failed to obey the order its conduct was not contumacious. The defendant's contention that the judgment was broader than the motion was rejected and the court held that no valid reason appeared as to why the judgment should be altered.

The defendant appealed from the judgment dismissing its counterclaim and thereafter served a statement in lieu of record upon the plaintiff. To this the plaintiff did not respond, but filed his own statement of the facts. The court accepted neither of these statements, but instead prepared its own statement of the facts which it certified as the record to be used on appeal. The defendant then applied to the Appellate Division of the Superior Court for an order directing that the statement of facts as prepared by the court be struck and that the statement of facts as submitted by the de-

fendant constitute the record on appeal without modification. This motion of the defendant was denied by the Appellate Division.

This appeal challenges the validity of the judgment dismissing the defendant's counterclaim for failure to comply with the order for discovery of its books and records.

 Liberal procedures for discovery in preparation for trial are essential to any modern judicial system in which the search for truth in aid of justice is paramount and in which concealment and surprise are not to be tolerated. In *Hickman v. Taylor,* 329 *U. S.* 495, 500-501, 91 *L. Ed.* 451, 457 (1947), it was said:

"The pre-trial deposition-discovery mechanism established by Rules 26 to 37 is one of the most significant innovations of the Federal Rules of Civil Procedure. Under the prior federal practice, the pre-trial functions of notice-giving, issue-formulations and fact-revelation were performed primarily and inadequately by the pleadings. Inquiry into the issues and the facts before trial was narrowly confined and was often cumbersome in method. The new rules * * * invest the deposition-discovery process with a vital role in the preparation for trial. The various instruments of discovery now serve (1) as a device, along with the pre-trial hearing under Rule 16, to narrow and clarify the basic issues between the parties, and (2) as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues. Thus civil trials in the federal courts no longer need be carried on in the dark. The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial."

Our rules for discovery, 3:26 to 3:37, are patterned after the provisions of the Federal Rules of Civil Procedure and they are designed to insure that the outcome of litigation in this State shall depend on its merits in the light of all of the available facts, rather than on the craftiness of the parties or the guile of their counsel.

 As with all rules it is necessary that there be adequate provisions for the enforcement of the rules as to discovery against those who fail or refuse to comply. Sanctions are peculiarly necessary in matters of discovery and the power to invoke them is inherent in our courts. The consequences attendant upon the failure to make discovery when ordered

are provided for by *Rule* 3:37 and the trial court is free to apply them, subject only to the requirement that they be just and reasonable in the circumstances; see *Hammond Packing Co. v. Arkansas,* 212 *U. S.* 322, 53 *L. Ed.* 530 (1909). Among the sanctions available to the court below to deal with the defendant's failure to produce its books and records as ordered are those set forth in *Rule* 3:37–2(b) which provides in part:

"If any party or an officer, director or managing or authorized agent of a party fails to obey * * * an order made under *Rule* 3:34 to produce any document or other thing for inspection, * * * the court may make such orders in regard to the failure to obey as are just, and among others the following:

(1) An order that * * * the contents of the paper * * * or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(2) An order refusing to allow the party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents or things or items of testimony * * *;

(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the party who fails to obey.

(4) In lieu of any of the foregoing orders or in addition thereto, an order directing the arrest of any party or an officer, director or managing or authorized agent of a party for disobeying any of such orders. * * *"

The dismissal of the defendant's counterclaim, it will be noted, is one of the consequences specifically mentioned in this rule. The only question, therefore, is whether such action was just in the circumstances of the instant case. The dismissal of a party's cause of action, with prejudice, is drastic and is generally not to be invoked except in those cases where the order for discovery goes to the very foundation of the cause of action, *Tsibikas v. Morrof,* 5 *N. J. Super.* 306 (*App. Div.* 1949), or where the refusal to comply is deliberate and contumacious, *Michigan Window Cleaning Co. v. Martino,* 173 *F.* 2d 466 (*C. A. 6th Cir.,* 1949). Where the circumstances are less aggravated the court should give the offending party another opportunity at a short day to comply

with the order. If the order in any particular case is ambiguous it should be clarified at the same time to avoid any doubt as to its meaning. The offending party would then have the alternative either of complying promptly or of refusing and suffering the consequences. Since the court below expressly stated that the defendant's conduct was not contumacious, we are inclined to the view that the penalty imposed was more severe than necessary and that a further opportunity to comply should have been granted before suppressing its counterclaim.

In reversing the judgment below we do not wish to have our action construed as condoning the conduct of the defendant. The record before us unfortunately is sparse and we can well appreciate that other factors that do not appear in the record here, by which, nevertheless, we are bound, may properly have been before the trial court and justified the penalty imposed. Indeed, were it not for the express statement of the court that the defendant was not contumacious, we would be inclined to hold that its failure to answer certain of the interrogatories propounded by the plaintiff, its refusal to produce its records and books in Newark in obedience to the order of the court and its insistence that the inspection be made instead in Boston, are clear evidence of the defendant's contumacy. In any event, it is apparent that the defendant has not complied with the spirit of the new rules with respect to discovery whereas almost all of the litigants in our courts and their counsel have. Dilatory and obstructive tactics are not to be tolerated in preparation for trial any more than they would be at the trial itself. They are as dangerous as they are futile. By its failure the defendant has needlessly jeopardized its cause of action without any possible chance of gain, for it must still produce all its books and records in Newark as directed in the order of September 13, 1949, which we consider clearly includes the recapitulations of inventories and their supporting documents.

In conclusion we are constrained to observe that counsel for the defendant are deserving of censure for their failure in their briefs as well as on the oral argument to stay

within the confines of the record. This in turn led counsel for the plaintiff to wander from the record, though to less degree. Such deviations are not to be countenanced, whether they be the result of inadvertence or of a misguided attempt to score over one's adversary. If the record as certified by the trial court is incorrect or incomplete, procedures are available for correcting or supplementing it. Facts and inferences drawn from facts which are outside the record have no place in the argument of an appeal.

The judgment appealed from is reversed without costs and the cause is remanded for further action in accordance with this opinion.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For affirmance*—None.