NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2260-15T1

JOHN P. MCGOVERN,

 Plaintiff-Respondent,

v.

CITY OF ORANGE TOWNSHIP
and DWAYNE WARREN,

 Defendants-Appellants,

and

WILLIS EDWARDS, III,

 Defendant.
____________________________________________

 Argued July 6, 2017 – Decided July 21, 2017

 Before Judges Yannotti and Haas.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Docket No. L-1596-
 14.

 Christopher K. Harriott argued the cause for
 appellants (Florio Kenny Raval, L.L.P.,
 attorneys; Mr. Harriott, of counsel and on the
 briefs).

 Ronald J. Ricci argued the cause for
 respondent (Ricci, Fava & Bagley, L.L.C.,
 attorneys; Mr. Ricci, of counsel and on the
 brief; Marisa Dominguez, on the brief).
PER CURIAM

 Defendants City of Orange Township (City) and Dwayne Warren

(Warren) appeal from an order entered by the Law Division on

January 7, 2016, which determined that the City terminated

plaintiff John P. McGovern in violation of the New Jersey

Conscientious Protection Act (CEPA), N.J.S.A. 34:19-1 to -14;

ordered plaintiff's reinstatement to his position; awarded

plaintiff damages, back pay, attorney's fees and costs; and

required the City to make pension contributions on plaintiff's

behalf from the date of his termination to the date of his

reinstatement. We affirm.

 I.

 In March 2014, plaintiff, a former attorney in the City's Law

Department, filed a complaint in the trial court against defendants

and Willis Edwards, III (Edwards).1 According to the complaint, in

the time relevant to the complaint, Warren was the City's Mayor,

and Edwards was the City's Business Administrator. The City

employed plaintiff as an Assistant City Attorney.

 Plaintiff alleged that the City's Clerk had been on medical

leave following an automobile accident, and the City paid all of

1
 In July 2015, plaintiff dismissed his claims against Edwards.
Therefore, in this opinion, we refer to the City and Warren as
defendants.

 2 A-2260-15T1
the Clerk's medical bills and temporary disability benefits

because it was "a workers' compensation matter." Plaintiff claimed

Warren and Edwards wanted to "transition" the Clerk back to work

on a full-time basis. The Clerk allegedly had obtained a settlement

of his lawsuit against a third-party, and owed the City about

$100,000, which was secured by a workers' compensation lien.

 Plaintiff claimed Edwards told him to waive the lien so that

the Clerk could keep all the money he received in the settlement

of his lawsuit. Plaintiff alleged that he told Edwards that the

City Council and the Mayor would have to approve the waiver of the

lien, but Edwards insisted the Clerk should be allowed to keep all

of the settlement monies.

 Plaintiff further alleged that he told his supervisors he was

concerned Edwards had asked him to do "something illegal and

contrary to [p]ublic [p]olicy." Plaintiff asserted that

thereafter, he ignored Edwards' request that he waive the lien,

but Edwards allegedly confronted him "in a menacing and hostile

manner" and demanded that he write a letter waiving the lien.

 Plaintiff claimed that on January 31, 2012, he "nervously"

wrote the letter and waived the lien. The letter stated that he

was waiving the lien at Edwards' direction. Plaintiff asserted

that Edwards was "infuriated" because he stated that he waived the

lien because Edwards directed him to do so. On February 1, 2013,

 3 A-2260-15T1
plaintiff was told he was going to be fired. Plaintiff asked Warren

if he was going to be terminated, and Warren allegedly told him

he was being "let go" because the City was making "budget cuts."

On February 5, 2013, plaintiff received a letter stating he was

terminated, effective February 1, 2013.

 In his complaint, plaintiff asserted claims of wrongful

discharge, violation of CEPA, and breach of contract. He sought

reinstatement to his former position, compensatory and punitive

damages, attorney's fees and costs, and other relief.

 In August 2014, plaintiff served a discovery request upon the

defendants. On January 9, 2015, the court granted plaintiff's

motion and struck defendants' answer without prejudice pursuant

to Rule 4:23-5(a)(1) because they had not responded to plaintiff's

discovery requests within the time required.

 In March 2015, plaintiff filed a motion to strike defendants'

answer with prejudice pursuant to Rule 4:23-5(a)(2), and to

schedule a proof hearing on his claims. Defendants then filed a

motion to restore their answer. The judge later heard oral argument

on the motions.

 At the argument, plaintiff's attorney noted that, in this

case, plaintiff was claiming he was fired after he complained to

his superiors that Edwards had ordered him to waive a significant

workers' compensation lien for a person who was his friend or

 4 A-2260-15T1
associate. Plaintiff's attorney stated that defendants had taken

the position that plaintiff was an at-will employee, and they were

not required to provide any reasons for terminating his employment.

Plaintiff's attorney noted that there were other outstanding

discovery requests.

 Defendants' attorney responded by stating that plaintiff was

fired because a new administration had taken office, and the new

Mayor had the power and authority to hire and fire the City's

attorneys. The judge stated that, if that was the City's reason

for firing plaintiff, it should put it in writing. Plaintiff's

attorney consented to restoring defendants' answer, but indicated

that his consent was conditioned upon defendants providing a

written statement of the reasons plaintiff was fired, as well as

responses to plaintiff's other outstanding discovery requests.

 On May 29, 2015, the judge entered an order, which denied

plaintiff's motion to strike defendants' answer with prejudice.

The judge also entered an order dated May 29, 2015, which vacated

the order striking defendants' answer, restored the answer,

extended the time for discovery, and required defendants to respond

to plaintiff's outstanding discovery requests within ten days

after the order.

 It appears that on June 4, 2015, defendants provided answers

to interrogatories. Nevertheless, plaintiff's attorney wrote to

 5 A-2260-15T1
the court on July 30, 2015, and asserted that defendants had not

fully complied with the court's order of May 29, 2015. The judge

conducted a case management conference on August 26, 2015, and

entered an order dated September 8, 2015, extending the time for

discovery until November 30, 2015. The order identified the

discovery to be completed and the dates for completion.

 On September 28, 2015, plaintiff again filed a motion to

strike defendants' answer with prejudice. In a certification

submitted in support of the motion, plaintiff's attorney stated

that defendants had not complied with the court's September 8,

2015 order. Defendants did not oppose the motion. On October 23,

2015, the judge entered an order striking the defendants' answer

with prejudice. The judge scheduled a proof hearing for December

1, 2015.

 On November 25, 2015, defendants filed a motion to vacate the

order striking their answer and extend the time for discovery. In

a supporting certification, counsel for defendants stated that

defendants had produced one witness for a deposition, but other

depositions had not been scheduled because he had been involved

in a federal court matter. Plaintiff opposed the motion.

 On December 8, 2015, the judge conducted a proof hearing, and

defendants were represented by counsel. The judge denied

defendants' request to adjourn the proof hearing pending a decision

 6 A-2260-15T1
on defendants' motion to restore their answer. At the proof

hearing, plaintiff testified and the court permitted defendants'

attorney to conduct limited cross-examination. The judge then

placed an oral decision on the record. The judge found that the

City had terminated plaintiff in violation of CEPA for

whistleblowing activity.

 The judge noted that plaintiff had objected to "pressure"

from Edwards to compromise a workers' compensation lien, which

plaintiff believed was a violation of the City's ordinance. The

judge pointed out that he had ordered defendants to provide a

written statement of the reasons plaintiff was fired, and they had

not done so. The judge found that plaintiff should be restored to

his position and awarded back pay of $136,048.96.

 The judge also awarded plaintiff compensatory damages of

$50,000 for the embarrassment and anxiety plaintiff suffered as a

result of his termination. In addition, the judge determined that

plaintiff was entitled to lost benefits, specifically, the pension

contributions the City should have made for plaintiff from the

date he was terminated until his reinstatement. The judge also

determined that plaintiff was entitled to an award of attorney's

fees and costs.

 Thereafter, defendants filed a supplemental certification

with the court, stating that the court should have adjourned the

 7 A-2260-15T1
proof hearing. Counsel asserted that the court's prior order

striking defendants' answer did not comply with Rule 4:23-2 or

Rule 4:23-5. Counsel stated that any failure to provide discovery

was not intentional. He also stated the City was not required to

provide any reason for the termination of an at-will employee, but

defendants had provided those reasons to plaintiff verbally and

by letter.

 On December 18, 2015, the judge heard oral argument on

defendants' motion to vacate the order striking their answer and

to restore their defense. The judge placed an oral decision on the

record. The judge observed that the case had "a very long and

extremely tortured procedural history." The judge found that

defendants' attorney had "consistently ignored" plaintiff's

discovery requests, forcing plaintiff to file numerous motions.

 The judge pointed out that initially the court had suppressed

defendants' answer without prejudice for failure to provide

discovery, and plaintiff's attorney had consented to restoring the

answer on the condition that defendants provide a written statement

as to reasons the City fired plaintiff. The judge rejected

defendants' assertion that plaintiff was not prejudiced by their

failure to provide the reasons plaintiff was fired.

 The judge added that defendants' attorney continued to fail

to comply with the court's discovery orders, even though counsel

 8 A-2260-15T1
told the judge and plaintiff's attorney "that he would provide

this information and he would get it to him quickly." The judge

stated that although the court had given defendants many

opportunities to comply, they did not do so. Finally, plaintiff

filed a motion to strike defendants' answer with prejudice, which

was unopposed. The motion was granted.

 The judge found that defendants had engaged in a pattern of

discovery violations, which included defendants' failure to comply

with the court's orders. The judge stated that defendants' attorney

"[h]as shown a complete lack of respect for [the] [court's] orders

and the discovery rules."

 The judge determined that the order entered on October 23,

2015, striking defendants' answer with prejudice was appropriate

and there was no basis to vacate that order. The judge also stated

that plaintiff was entitled to supplemental attorney's fees

because plaintiff's attorney had been forced to respond to the

motion.

 The judge entered an order dated January 7, 2016, which

awarded plaintiff back pay in the amount of $136,048.96, with pre-

judgment interest of $6511.57, totaling $142,560.53; awarded

plaintiff compensatory damages of $50,000; reinstated plaintiff

to his position as Assistant City Attorney; required the City to

pay pension contributions for plaintiff from February 1, 2013,

 9 A-2260-15T1
until the date of his reinstatement; and directed defendants to

pay plaintiff attorney's fees and costs totaling $37,354. The

order stayed plaintiff's reinstatement pending any appeal

defendants may take.

 Thereafter, defendants filed a notice of appeal. On May 13,

2015, we granted defendants' motion to stay the monetary judgment

entered against them pending disposition of the appeal.

 II.

 On appeal, defendants argue that the trial court erred by

striking their answer with prejudice, entering the default

judgment against them, and refusing to vacate the same. Defendants

contend their attorney's failure to comply with the court's orders

was not deliberate, and less drastic sanctions were available to

address the discovery violations.

 Rule 4:23-2(b) authorizes the trial court to impose sanctions

for failing to comply with a court order "to provide or permit

discovery." Among other sanctions, the court may enter "[a]n order

striking out pleadings or parts thereof, or staying further

proceedings until the order is obeyed, or dismissing the action

or proceeding or any part thereof with or without prejudice, or

rendering a judgment by default against the disobedient party."

R. 4:23-2(b)(3).

 10 A-2260-15T1
 The ultimate sanction of dismissal should be imposed "only

sparingly." Abtrax Pharms., Inc. v. Elkins-Sinn, Inc., 139 N.J.

499, 514 (1995) (quoting Zaccardi v. Becker, 88 N.J. 245, 253

(1982)). "The dismissal of a party's cause of action, with

prejudice, is drastic and is generally not to be invoked except

in those cases in which the order for discovery goes to the very

foundation of the cause of action, or where the refusal to comply

is deliberate and contumacious." Ibid. (quoting Lang v. Morgan's

Home Equip. Corp., 6 N.J. 333, 339 (1951)). "Since dismissal with

prejudice is the ultimate sanction, it will normally be ordered

only when no lesser sanction will suffice to erase the prejudice

suffered by the non-delinquent party, or when the litigant rather

than the attorney was at fault." Ibid. (quoting Zaccardi, supra,

88 N.J. at 253).

 A court may strike a pleading with prejudice in order to

penalize those whose conduct warrants such relief, and to deter

others from violating the discovery rules. Id. at 514-15 (citing

Zaccardi v. Becker, 162 N.J. Super. 329, 332 (App. Div.), certif.

denied, 79 N.J. 464 (1978)). We review an order striking a pleading

for a discovery violation for abuse of discretion. Id. at 517.

 Notwithstanding defendants' arguments to the contrary, we are

convinced the motion judge did not mistakenly exercise its

discretion by striking defendants' answer with prejudice. The

 11 A-2260-15T1
record supports the court's finding that defendants' counsel

"consistently ignored" the court's discovery orders, despite

providing assurances that defendants would comply with the

discovery requests. Moreover, the discovery sought related

directly to the foundation of plaintiff's cause of action under

CEPA.

 To establish a cause of action under CEPA, the plaintiff must

demonstrate that:

 (1) he or she reasonably believed that his or
 her employer's conduct was violating either a
 law, rule, or regulation promulgated pursuant
 to law, or a clear mandate of public policy;
 (2) he or she performed a "whistle-blowing"
 activity described in N.J.S.A. 34:19-3[(c)];
 (3) an adverse employment action was taken
 against him or her; and (4) a causal
 connection exists between the whistle-blowing
 activity and the adverse employment action.

 [Dzwonar v. McDevitt, 177 N.J. 451, 462
 (2003).]

 If the plaintiff presents a prima facie case under CEPA, "the

defendant must then come forward to advance a legitimate reason

for discharging [the] plaintiff." Massarano v. N.J. Transit, 400

N.J. Super. 474, 492 (App. Div. 2008) (quoting Zappasodi v. N.J.

Dept. of Corrs., 335 N.J. Super. 83, 89 (App. Div. 2000)).

Plaintiff is required to demonstrate that the reasons proffered

by the employer are not worthy of belief. Kolb v. Burns, 320 N.J.

Super. 467, 479 (App. Div. 1999).

 12 A-2260-15T1
 As we noted previously, defendants claimed that because

plaintiff was an at-will employee, they were not obligated to

provide any reason for his discharge. However, where the plaintiff

asserts a claim of wrongful termination under CEPA, and the

plaintiff presents a prima facie case under CEPA, the defendant

has the burden of coming forward with evidence showing that it

discharged the plaintiff for a legitimate reason.

 Here, plaintiff properly sought a statement of the reasons

that the City would advance as justification for his termination.

The record shows that defendants consistently refused to comply

with the court's orders, which required the City to set forth in

writing the reasons for plaintiff's discharge. Furthermore,

defendants failed to provide other discovery, which also was

addressed to the core of plaintiff's CEPA claim. Thus, plaintiff

was prejudiced by defendants' failure to comply with the court's

discovery orders.

 We note that in December 2015, when defendants sought to

restore their answer, their attorney asserted that in defendants'

answers to interrogatories, defendants had asserted they had no

duty to provide a reason for plaintiff's termination. Counsel also

stated that Dan Smith, the City's attorney, had written a letter

to plaintiff's attorney, stating that when a new Mayor takes

office, it is expected that there may be a change of personnel.

 13 A-2260-15T1
Plaintiff's attorney said he did not receive the letter. In any

event, neither the answer to the interrogatories or Smith's letter

provided what plaintiff had been seeking, specifically, a

statement of the reasons plaintiff was fired.

 Defendants argue, however, that rather than strike their

answer, the trial court should have imposed lesser sanctions. This

argument fails because the trial court did, in fact, employ a

series of lesser sanctions before ultimately deciding to strike

defendants' answer with prejudice. As we have explained, the court

first struck defendants' answer without prejudice, but defendants

did not thereafter provide the discovery requested.

 The court later denied plaintiff's motion to strike the answer

with prejudice, and entered an order compelling defendants to

provide discovery. Defendants did not comply with that order. The

court conducted a case management conference, and entered an order

specifying the discovery that remained, and the time in which

discovery must be completed. Defendants did not comply with the

order.

 Defendants nevertheless contend that the trial court could

have ordered depositions of persons with knowledge of the reasons

for plaintiff's termination; however, the court had entered the

order of September 8, 2015, which mandated that all depositions

be noticed and completed within forty-five days of that order.

 14 A-2260-15T1
Defendants produced only one witness for a deposition within the

time required. That witness was a secretary who did not have any

relevant knowledge of the reasons for plaintiff's termination.

 Defendants further argue that the court could have entered

an order stating that defendants had not articulated a legitimate

reason for plaintiff's termination, and prohibited defendants from

presenting any evidence on that issue. However, such an order

would have been tantamount to granting partial summary judgment

to plaintiff on his CEPA claim, leaving only the issue of damages

for trial. This is essentially what happened here.

 Defendants also contend the court could have required their

prior attorney to pay plaintiff's attorney's fees and other

expenses caused by their failure to comply with the court's

discovery orders. Even if such an order had been entered, plaintiff

still would not have had the discovery he sought, which went to

the heart of his CEPA claim. This was not a lesser sanction that

would have addressed defendants' failure to comply with the court's

discovery orders.

 III.

 Next, defendants argue that the trial court erred by failing

to vacate the order striking their answer with prejudice. They

contend such relief should have been granted pursuant to Rule

4:50-1. We disagree.

 15 A-2260-15T1
 A trial court's decision on a Rule 4:50-1 motion is entitled

to "substantial deference, and should not be reversed unless it

results in a clear abuse of discretion." US Bank Nat'l Ass'n v.

Guillaume, 209 N.J. 449, 467 (2012). An abuse of discretion may

be found when a decision lacks a "rational explanation," represents

an inexplicable "[departure] from established policies," or rests

"on an impermissible basis." Ibid. (quoting Iliadis v. Wal-Mart

Stores, Inc., 191 N.J. 88, 123 (2007)).

 Rule 4:50-1 provides that the court may relieve a party from

a judgment for the following reasons:

 (a) mistake, inadvertence, surprise, or
 excusable neglect; (b) newly discovered
 evidence which would probably alter the
 judgment or order and which by due diligence
 could not have been discovered in time to move
 for a new trial under [Rule] 4:49; (c) fraud
 (whether heretofore denominated intrinsic or
 extrinsic), misrepresentation, or other
 misconduct of an adverse party; (d) the
 judgment or order is void; (e) the judgment
 or order has been satisfied, released or
 discharged, or a prior judgment or order upon
 which it is based has been reversed or
 otherwise vacated, or it is no longer
 equitable that the judgment or order should
 have prospective application; or (f) any other
 reason justifying relief from the operation
 of the judgment or order.

 Defendants argue that Rule 4:50-1(f) applies in this case.

However, relief under this subsection of the rule is only available

when "truly exceptional circumstances are present." Guillaume,

 16 A-2260-15T1
supra, 209 N.J. at 484 (quoting Hous. Auth. of Morristown v.

Little, 135 N.J. 274, 286 (1994)). "The rule is limited to

'situations in which, were it not applied, a grave injustice would

occur.'" Ibid. (quoting Hous. Auth. of Morristown, supra, 135 N.J.

at 289).

 Defendants argue that the conduct of their prior counsel in

failing to comply with the court's orders presents exceptional

circumstances that warrant relief under the rule. Defendants

contend their former attorney failed to keep them reasonably

informed of the status of the matter, and did not handle the matter

in accordance with accepted standards of care. They assert that

the failure to provide discovery was not due to any fault on their

part.

 Defendants have not, however, shown that the trial court's

refusal to grant relief under Rule 4:50-1(f) was a mistaken

exercise of discretion. Defendants have not presented an affidavit

or certification which establishes that their attorney failed to

keep them reasonably informed of the status of the matter, or that

the failure to comply with the court's prior discovery orders was

entirely the fault of their attorney. Defendants also have not

refuted plaintiff's claim that all parties were well aware of what

was required, but defendants nevertheless deliberately refused to

comply with the court's discovery orders.

 17 A-2260-15T1
 Simply put, defendants have not shown "truly exceptional

circumstances," which are required for relief under Rule 4:50-

1(f). Guillaume, supra, 209 N.J. at 484 (quoting Hous. Auth. of

Morristown, supra, 135 N.J. at 286). They have not shown that the

court's order represents a grave injustice. Ibid. (citing Hous.

Auth. of Morristown, supra, 135 N.J. at 289).

 Affirmed.

 18 A-2260-15T1