**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4540-16T4

JI SUNG KIM,

   Plaintiff-Appellant,

v.

PAUL P. KOBLISKA,

   Defendant-Respondent.

_____

Submitted June 6, 2018 — Decided July 10, 2018

Before Judges Currier and Geiger.

On appeal from Superior Court of New Jersey,
Law Division, Union County, Docket No. L-3773-
15.

Andrew Park, PC, attorneys for appellant
(David M. Wasserman, on the brief).

Hoagland, Longo, Moran, Dunst & Doukas, LLP,
attorneys for respondent (Aron Mandel, of
counsel and on the brief).

PER CURIAM

    Plaintiff Ji Sung Kim appeals from two May 12, 2017 orders:

(1) dismissing the complaint with prejudice for failure to provide

discovery and (2) denying his motion to reinstate the complaint to the active trial list. We affirm.

We glean the following facts from the record. Plaintiff sustained injuries in a motor vehicle accident occurring on April 15, 2015, when the vehicle he was driving collided with a vehicle driven by defendant Paul P. Kobliska. Plaintiff initiated this action on November 4, 2015.

Defendant filed an answer, separate defenses, and a demand for discovery on December 9, 2015. The demand for discovery included standard form interrogatories, supplemental interrogatories, and a notice to produce, which demanded plaintiff produce executed authorizations to obtain his medical and prescription records. Despite multiple requests from defense counsel, plaintiff did not provide any discovery responses, resulting in defendant filing a series of motions to enforce plaintiff's discovery obligations.

Defendant moved to dismiss the complaint without prejudice for failing to answer interrogatories and produce documents. While the motion was pending, plaintiff produced uncertified discovery responses. In response to the demand for pharmacy records, plaintiff objected, claiming the request was overly broad. Defendant advised the court, in addition to not being certified, plaintiff's discovery responses were not based upon personal

knowledge. On September 2, 2016, the trial court denied the motion to dismiss but ordered plaintiff to provide certified answers to the interrogatories within ten days. Plaintiff did not comply with the order.

Defendant then moved to dismiss the complaint for failure to provide certified answers to interrogatories in violation of the prior order. While the motion was pending, plaintiff produced additional discovery, which, again, was not certified. On October 18, 2016, the trial court denied defendant's motion to dismiss because defendant did not timely serve the prior order on plaintiff. The court ordered plaintiff to certify all discovery by October 31, 2016.

On November 15, 2016, defendant demanded more specific answers to interrogatories and sought clarification of plaintiff's objection to producing his pharmacy records; defendant asked plaintiff to clarify whether it was the subject matter (prescription records) or the time period (past ten years) to which plaintiff objected. In the event the objection was based on the time period of the records sought, defendant requested plaintiff authorize the release of the pharmacy records he found unobjectionable. Plaintiff responded by indicating he would provide the more specific information during his deposition.

On December 2, 2016, the trial court extended discovery to July 3, 2017, and ordered plaintiff to provide more specific and complete answers to interrogatories and document requests by December 15, 2016. Plaintiff did not comply with the order.

On January 31, 2017, after receiving no additional discovery from plaintiff, defendant moved, for a second time, to dismiss the complaint with prejudice pursuant to Rule 4:23-2(b)(3) for failure to comply with the December 2, 2016 order. On February 17, 2017, the trial court dismissed the complaint without prejudice.

While the motion was pending, plaintiff supplied additional uncertified responses. As part of the responses, plaintiff's counsel stated: "Upon information and belief, [p]laintiff has not had any prescriptions for the last 10 years."

However, on March 6, 2017, plaintiff supplied additional discovery responses, in which he disclosed, for the first time, he had received prescription medication from a Costco Pharmacy. On the same day, plaintiff moved to reinstate the complaint. During oral argument, plaintiff's counsel represented she would supply the remaining discovery, including the authorization for the Costco Pharmacy records, within one week. Plaintiff failed to do so. As a result, on April 13, 2017, the trial court denied plaintiff's motion to reinstate the complaint without prejudice. The court noted plaintiff filed his motion before he had complied

4

with discovery demands and his discovery deficiencies had resulted in three motions to dismiss.

Meanwhile, on April 11, 2017, some 488 days after the discovery requests were propounded, plaintiff finally provided certified answers to the interrogatories and supplemental interrogatories and executed authorizations for numerous medical providers and an employer. However, the authorizations were, in part, improperly prepared. The authorization for KSK Line authorized the release of medical records rather than employment records. The authorization for Affinity Radiology authorized the release of employment records rather than medical records. Plaintiff did not provide an executed authorization for the Costco Pharmacy records. As a courtesy, defendant supplied corrected authorizations to plaintiff's counsel.

Consequently, plaintiff had still not provided fully responsive discovery, having failed to provide correct authorizations for KSK Line, Affinity Radiology, and Costco Pharmacy. We further note these providers and employer had not been disclosed in plaintiff's initial discovery responses. Defendant moved to dismiss the complaint with prejudice for failure to provide discovery within sixty days of the order dismissing the complaint without prejudice. Plaintiff opposed the motion and cross-moved to reinstate the complaint and extend discovery.

A-4540-16T4

Contrary to plaintiff's counsel's certification, fully responsive discovery responses were not attached. Plaintiff had still not provided an executed authorization for Costco Pharmacy.

On the return date, two attorneys appeared for oral argument for plaintiff. The motion judge noted plaintiff's attorneys argued inconsistent positions. One argued the Costco Pharmacy authorization had been sent to defense counsel. The other argued plaintiff could not provide the executed authorization because the wrong form had been provided. Notably, the executed authorization for Costco Pharmacy records is not included in the record.

The defense maintained its position that plaintiff had still not provided the executed authorization for Costco Pharmacy. Defense counsel explained, although he received a transmittal letter, the authorization was not enclosed. Defense counsel noted the executed authorization was supposed to be attached as Exhibit C to the certification submitted by plaintiff's counsel, but it was not attached. When confronted with this discrepancy by the motion judge, plaintiff's counsel stated the authorization was not attached because of a computer outage in their office on the day the papers had to be sent out. When the judge asked if plaintiff's counsel had a copy with them, counsel admitted they did not.

Defense counsel also indicated plaintiff had not disclosed six or seven treating physicians named in the Personal Injury

Protection benefit records. Additionally, plaintiff's answers to interrogatories stated he was unemployed, when, in fact, he was employed by KSK Line from May 2015 to October 2016 and by Shin Ju Line starting in October 2016.

The motion judge concluded plaintiff had not provided the executed Costco Pharmacy authorization to defense counsel, finding plaintiff's counsel had stretched the court's "credulity to the limits." She stated plaintiff's counsel had submitted "a lot of documents and statements" that the court could not rely on, referring to a prior certification of one person that had been incorrectly executed by a different person and two motions to reinstate the complaint despite not complying with discovery requests. The judge concluded she could not rely on the representations made by plaintiff's counsel in light of their inconsistent arguments. In contrast, the judge found defense counsel's statements credible.

The trial court dismissed the complaint with prejudice and denied plaintiff's cross-motion, noting plaintiff had failed to provide the delinquent discovery prior to filing the motion to reinstate the complaint even though ample time was given to comply. The court found the motion to reinstate did not comply with the rules since discovery was still not complete.

Expressing frustration with plaintiff's repeated failures to provide certified answers to discovery and comply with court orders, the court stated it had no confidence that the situation would not repeat itself even if it denied the motion to dismiss with prejudice, granted the motion to reinstate, and ordered plaintiff to pay sanctions. Instead, the court believed it would "be in the same situation" again, noting it "has just been a disaster the way this case has been conducted," causing defendant to suffer an "injustice." Plaintiff did not seek reconsideration. This appeal followed.

On appeal, plaintiff argues the trial court abused its discretion in dismissing the complaint with prejudice rather than compelling plaintiff to produce the remaining pharmaceutical records authorization. Plaintiff contends defendant's motion should have been treated as a motion to compel discovery rather than a motion to dismiss with prejudice. Relying on an unpublished opinion, plaintiff argues Rule 4:23-5 only permits dismissal with prejudice for failing to provide the specific discovery leading to the prior dismissal without prejudice.[1] Plaintiff asserts the earlier dismissal without prejudice was made in regard to a failure

---

[1]   Unpublished opinions do not constitute precedent, are not binding upon any court, Rule 1:36-3, "and cannot reliably be considered part of our common law," Trinity Cemetery v. Wall Tp., 170 N.J. 39, 48 (2001) (Verniero, J., concurring).

to answer interrogatories, whereas the motion to dismiss with prejudice pertained to a failure to provide certain authorizations.

We review the dismissal of a complaint with prejudice for discovery misconduct for abuse of discretion, "a standard that cautions appellate courts not to interfere unless an injustice appears to have been done." Abtrax Pharms., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 517 (1995) (citations omitted). We find no such abuse of discretion in this matter.

The trial court's findings are amply supported by the record. Plaintiff repeatedly failed to provide basic discovery to defendant despite multiple extensions and court orders. Plaintiff's conduct caused a "months-long discovery impasse," substantially delaying discovery and necessitating a series of discovery enforcement motions, causing defendant to incur attorney's fees and costs, and the trial court to expend judicial resources.

Plaintiff offers no explanation for the protracted failure to provide responsive discovery and to comply with discovery rules and court orders. He does not claim he was delayed in providing discovery by illness, disability, or inaccessibility to the information sought.

Particularly troubling is the basic nature of the discovery at issue. This is a simple personal injury action arising out of a motor vehicle accident. Standard form interrogatories and authorizations to obtain records from medical providers, pharmacies, and employers do not present difficult discovery obligations. Here, there is no suggestion that obtaining plaintiff's signature on the authorizations and the information necessary to answer the interrogatories was thwarted by circumstances beyond plaintiff's control.

Our court rules and case law do not permit a party to flippantly ignore their discovery obligations and court orders. Rule 4:23-5 provides for a two-step sanction process if a demand for discovery pursuant to Rule 4:17 or Rule 4:18 is not complied with. St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008); Pressler & Verniero, Current N.J. Court Rules, cmt. 1.1 on R. 4:23-5 (2018). The first step is dismissal without prejudice under Rule 4:23-5(a)(1). The second step is dismissal with prejudice under Rule 4:23-5(a)(2).

> If an order of dismissal . . . without prejudice has been entered pursuant to paragraph (a)(1) of this rule and not thereafter vacated, the party entitled to the discovery may . . . move on notice for an order of dismissal . . . with prejudice. . . . The motion to dismiss or suppress with prejudice shall be granted unless a motion to vacate the previously entered order of

> dismissal . . . without prejudice has been filed by the delinquent party and either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated.
>
> [R. 4:23-5(a)(2).]

Rule 4:23-1 authorizes a trial court to enter orders compelling discovery of authorizations for medical and employment records. Among the remedies the trial court may impose is an order "dismissing the action or proceeding or any part thereof with or without prejudice." R. 4:23-2(b)(3).

Additionally, "[a] trial court has inherent discretionary power to impose sanctions for failure to make discovery, subject only to the requirement that they be just and reasonable in the circumstances." Abtrax Pharms., 139 N.J. at 513 (quoting Calabrese v. Trenton State Coll., 162 N.J. Super. 145, 151-52 (App. Div. 1978), aff'd, 82 N.J. 321 (1980)); see also Lang v. Morgan's Home Equip. Corp., 6 N.J. 333, 338 (1951). Applying these standards, we conclude the motion judge did not err by dismissing the complaint with prejudice.

Plaintiff did not comply with the December 2, 2016 order compelling him to provide more specific and complete answers to interrogatories and document requests by December 15, 2016. A February 17, 2017 order dismissed the complaint without prejudice for failure to comply with the December 2, 2016 order. Plaintiff

A-4540-16T4

did not move to reinstate the complaint within sixty days, instead waiting until May 4, 2017, to file his cross-motion. By not supplying an executed authorization for the Costco Pharmacy records, plaintiff failed to produce "fully responsive discovery," as required by Rule 4:23-5(a)(2). See Fik-Rymarkiewicz v. Univ. of Med. and Dentistry of N.J., 430 N.J. Super. 469, 482 (App. Div. 2013). Accordingly, the court did not err by denying reinstatement.

Plaintiff did not demonstrate "exceptional circumstances" to allow for reinstatement of his complaint. Ibid. To the contrary, no excuse at all was offered. Accordingly, dismissal with prejudice was appropriate. See Pressler & Verniero, cmt. 1.3 on R. 4:23-5 ("Otherwise, the motion for dismissal or suppression with prejudice is required to be granted unless fully responsive answers have been served by the time of the return date or, as formerly, extraordinary circumstances are demonstrated.").

We are satisfied that, throughout the course of pretrial discovery, "plaintiff demonstrated contumacious behavior, ignored court orders, and obstructed discovery of information that is directly relevant" to his personal injury claim. Fik-Rymarkiewicz, 430 N.J. Super. at 471. Considering the totality of the circumstances, the sanctions imposed were not unjust or

unreasonable. We conclude the motion judge did not abuse her discretion and affirm the dismissal with prejudice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION