**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3382-19

TERRI JANE FREEDMAN,

     Plaintiff,

v.

GREGG MICHAEL GOTTLIEB,

     Defendant-Appellant.

_____

Submitted October 21, 2021 — Decided November 4, 2021

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-1773-12.

Gregg Michael Gottlieb, appellant pro se.

Thomas B. Seltzer, respondent pro se.

PER CURIAM

Defendant Gregg Michael Gottlieb appeals from a February 13, 2020 order awarding Thomas Seltzer counsel fees related to a motion to quash a subpoena. We affirm.

We glean the following facts from the record. In June 2013, defendant divorced plaintiff Terri Jane Freedman. Defendant was required to pay alimony. The parties' agreement contained a cohabitation provision based on Gayet v. Gayet, 92 N.J. 149 (1983).[1]

In May 2016, defendant filed a motion alleging plaintiff and Seltzer were cohabiting. In December 2016, the motion judge concluded defendant made a prima facie showing of cohabitation and scheduled a plenary hearing.[2] On January 4, 2017, defendant's counsel served a subpoena on Seltzer seeking eighteen categories of documentation, including Seltzer's: income; banking statements and registers; electronic accounts; loans; insurance policies; credit cards; credit applications; agreements with plaintiff; real estate; leases; written communications with plaintiff; photographs, video and audio recordings relating

---

[1] The parties' agreement is not included in the appendices; the cohabitation provision is not quoted in the briefs.

[2] Although defendant and Seltzer's briefs note this decision occurred in December 2016, defendant did not provide a transcript of the proceedings or a copy of the actual order.

to plaintiff and her children; post office forwarding address cards; passport; payments for "anything by [him] and/or plaintiff on each other's behalf[;]" calendars; and mobile telephone.

Seltzer retained counsel who moved to quash the subpoena and requested counsel fees. At oral argument, defendant's counsel claimed that although the order scheduling the hearing contained "nothing . . . specifically concerning subpoenas," he had called the judge's law clerk and "understood that the order would allow for subpoenas . . . ." The motion judge found the subpoena "overly burdensome" and "harassing." Further, "most of [the subpoena] is absolutely irrelevant to whether or not . . . Seltzer is paying any shelter expenses or . . . anything that could be considered remotely close to a [cohabitation] situation." The judge found defendant should have first sought discovery from plaintiff,

> [a]nd if [plaintiff's] responses are insufficient or not forthcoming, . . . only then I'm going to allow a . . . very limited amount of discovery . . . limited to anything . . . Seltzer may have paid on behalf of [plaintiff's] shelter expenses. Because that's really what's at issue.

At the conclusion of the hearing plaintiff's counsel asked the judge to set a date to exchange discovery answers.

3

On March 3, 2017, the judge granted the motion to quash the subpoena "as overly burdensome, harassing and irrelevant pursuant to R[ule] 4:10-3." The order stated:

> Defendant is entitled to obtain discovery relating to . . . Seltzer's payment of [p]laintiff's shelter expenses. Defendant must use a less intrusive mechanism in order to obtain this information. Defendant may serve discovery on [p]laintiff and only in the event [p]laintiff is either not forthcoming or provides insufficient responses may [d]efendant re-serve discovery upon . . . Seltzer that is specifically limited to . . . Seltzer's payment of [p]laintiff's shelter expenses.

The order also required plaintiff and defendant to serve answers to discovery no later than March 17, 2017, and granted Seltzer counsel fees subject to the submission of a certification of services by his attorney.

On February 13, 2020, the judge entered an order, nunc pro tunc to March 3, 2017, granting Seltzer $4,610.40 in counsel fees. The judge analyzed the Rule 5:3-5(c) factors and found they weighed in Seltzer's favor. She found defendant was employed and capable of paying counsel fees. She found he "did not act in good faith with respect to discovery requests" because he "failed to employ less intrusive means by which to obtain information." The judge noted "Seltzer incurred substantial fees in litigating the [m]otion . . . totaling $6,286.40" and successfully quashed the subpoena.

A-3382-19

On appeal, defendant argues the judge erred because: (1) she did not provide guidance or limitations regarding the issuance of subpoenas after ordering the plenary hearing; (2) in quashing the subpoena, the judge deprived defendant of his right to discovery; (3) Seltzer was not a party to the litigation and therefore lacked standing to seek counsel fees; and (4) Seltzer did not demonstrate a financial need for an award of counsel fees.

I.

"[P]ursuant to Rule 4:10-2(a), parties may obtain discovery regarding any non-privileged matter that is relevant to the subject of a pending action or is reasonably calculated to lead to the discovery of admissible evidence." In re Liquidation of Integrity Ins. Co., 165 N.J. 75, 82 (2000). Relevant evidence is evidence "having a tendency in reason to prove or disprove any fact of consequence to the determination of the action." N.J.R.E. 401.

A nonparty may be compelled by subpoena to produce "books, papers, documents, electronically stored information, or other objects designated therein." R. 1:9-2. However, "the scope of discovery is not infinite." K.S. v. ABC Pro. Corp., 330 N.J. Super. 288, 291 (App. Div. 2000); see also Serrano v. Underground Utils. Corp., 407 N.J. Super. 253, 267 (App. Div. 2009). In exercising its discretion over the discovery process a trial court should

"balanc[e] the beneficial effects of discovery against its disadvantages." State ex rel W.C., 85 N.J. 218, 224 (1981). To this end, the trial court may "quash or modify the subpoena . . . if compliance would be unreasonable or oppressive . . . ." R. 1:9-2. See also R. 4:10-3 (permitting the court to enter "any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). Rule 4:10-3(a) and Rule 4:10-3(d), respectively, allow a court to determine that "discovery not be had" or "that the scope of the discovery be limited to certain matters."

Here, the court's limitation of discovery was not an abuse of discretion. Although we lack the parties' motions, certifications, and the judge's order or findings pertaining to scheduling the plenary hearing, the record is clear that the parties had hardly initiated discovery before defendant's counsel served the subpoena on Seltzer. Therefore, the judge's ruling that defendant first seek discovery from plaintiff before subpoenaing Seltzer was not an abuse of discretion.

For these reasons, we also reject defendant's argument the court deprived him of discovery. The judge did not foreclose discovery from Seltzer, and the March 2017 order provided a road map for the conduct of discovery. This argument lacks merit. See R. 2:11-3(e)(1)(E).

II.

As to the counsel fee issue, Rule 4:42-9(a)(1) notes that an award of fees in a family action is made pursuant to Rule 5:3-5(c). Rule 5:3-5(c) provides the court discretion to "make an allowance [of fees] to be paid by any party to the action . . . ." Seltzer was not a party to this action. Therefore, a counsel fee award to him pursuant to these rules was impermissible.

However, the March 2017 order quashed the subpoena pursuant to Rule 4:10-3. This Rule states: "The provisions of R[ule] 4:23-1(c) apply to the award of expenses incurred in relation to [a Rule 4:10-3] motion." Rule 4:23-1(c) provides as follows:

> [T]he court shall, after opportunity for hearing, require the party . . . whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

The imposition of discovery sanctions is a discretionary matter. Calabrese v. Trenton State Coll., 162 N.J. Super. 145, 151-52 (App. Div. 1978) aff'd, 82 N.J. 321 (1980) (citing Lang v. Morgan's Home Equip. Corp., 6 N.J. 333 (1951)). Further, Rule 4:23-1(c) is not limited to the parties. For these reasons,

7

the award of counsel fees to Seltzer was appropriate notwithstanding the judge's application of the Rule 5:3-5(c) factors.

Finally, we reject defendant's assertion Seltzer had to first demonstrate a need for an award of counsel fees. The discovery rules contain no such language. Defendant's bad faith amply supports the judge's decision to compensate Seltzer for the motion to quash.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3382-19