**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2058-23

FANG LIU,

    Plaintiff-Appellant,

v.

AFFINITY CARE OF NJ and
WELLCARE NEW JERSEY,

    Defendants-Respondents.

_____

Argued May 28, 2025 – Decided June 17, 2025

Before Judges Susswein and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2170-21.

Fang Liu, appellant, argued the cause pro se.

William S. Bloom argued the cause for respondent Affinity Care of NJ (Methfessel & Werbel, PC, attorneys; William S. Bloom, on the brief).

Christopher B. Fontenelli argued the cause for respondent WellCare New Jersey (Troutman Pepper Locke LLP, attorneys; Christopher B. Fontenelli, on the brief).

PER CURIAM

Plaintiff Fang Liu appeals from an order dismissing her complaint with prejudice for failure to comply with a trial court order which incorporated our remand instructions from a prior appeal. In the previous appeal, we determined: (1) the administrator of the estate and an administrator ad prosequendum were the appropriate party plaintiffs; (2) plaintiffs shall be represented by an attorney who was required to draft, file, and serve an amended complaint setting forth the causes of action being pursued by the estate; (3) plaintiff shall be required in her capacity as administrator ad prosequendum and administrator of decedent's estate to provide the trial court with the status of the application; and (4) plaintiff shall be represented by an attorney throughout the renewed trial court proceedings. Liu v. Affinity Care of NJ and WellCare of New Jersey, No. A-0970-21 (App. Div. Dec. 2, 2022) (Liu I) (slip op. at 16-17). Because plaintiff failed to comply with the terms of the trial court order after being provided reasonable time and opportunity, we affirm.

I.

This matter returns to us after we reversed and vacated a prior trial court order dismissing plaintiff's complaint and denying her motion for leave to file an amended complaint and remanded to the trial court with directives. Id., slip

2

op. at 1.  After the remand, defendants moved for an order to set a date certain for plaintiff to comply with our order.  The trial court, following our remand directives, entered an order dated March 3, 2023 requiring plaintiff to retain an attorney to "draft, file, and serve an [a]mended [c]omplaint, which shall set forth the causes of action being pursued and the status of plaintiff's appointment [as] administrator ad prosequendum and administrator of decedent's estate" within thirty days.

On March 10, plaintiff filed a motion to compel the production of documents demanded from defendants in discovery.  On March 23, defendants filed opposition to the motion.  On March 31, the court denied plaintiff's motion to compel discovery finding "even though [plaintiff] may be entitled to them as part of [] post-amended complaint discovery, there is not a jurisdictional prerequisite for the existence of those documents to be provided to allow for the filing of the complaint."

However, the court extended the time to retain an attorney "for an additional two weeks."  The court required "[plaintiff] to obtain counsel by a date certain, [of] . . . Monday, April 17th.  A notice of appearance must be filed and an amended complaint be filed by [April] 17th."

A-2058-23

Plaintiff having failed to retain an attorney or file an amended complaint in the time required by the court's order, Affinity Care moved to dismiss plaintiff's complaint with prejudice on April 17, citing plaintiff's failure to comply with the court-ordered deadline. On April 20, WellCare joined in Affinity Care's motion for dismissal. By order dated May 12, the court partially granted the motion and dismissed plaintiff's complaint against both defendants, but without prejudice. Plaintiff filed a motion for leave to appeal the court's dismissal order which we denied. Liu v. Affinity Care of NJ and WellCare of New Jersey, No. AM-0071-23 (App. Div. Dec. 12, 2023) (slip op. at 1).

On February 14, 2024, approximately nine months after the order dismissing plaintiff's complaint without prejudice was entered, Affinity Care moved to dismiss plaintiff's complaint with prejudice arguing "[t]he alleged facts giving rise to this suit occurred over four-and-a-half years ago. The plaintiff has had every opportunity that any other claimant has to retain counsel[,]" yet she has failed to do so in accordance with the court's prior orders and our remand directive. Defendants asserted "plaintiff has instead continued to argue she should be permitted to proceed pro se, forcing defendants to continuously and repeatedly respond to the same argument, which has been decided now multiple times." Plaintiff did not oppose the motion. By order

4

dated March 1, the court granted the motion and dismissed plaintiff's complaint with prejudice. In a concise written decision, the court found:

> This court has provided more than sufficient opportunity for the [p]laintiff to comply with the order of the Appellate Division. This court dismissed the complaint on May 12, 2023, for the [p]laintiff's failure to comply with the March 31, 2023, order.
>
> [Rule] 4:37-2 permits the court, for a delinquent party's failure to comply with a court order, to dismiss the complaint. Although dismissal with prejudice is the exception rather than the rule, such a permanent resolution is necessary here. For over one year, the plaintiff has not complied with the Appellate Division's mandate that she retain an attorney. More than sufficient time has passed to allow her to comply. However, she has not done so. The [d]efendants [are], as noted by counsel, entitled to finality in this matter.

On appeal, plaintiff asserts: (1) the trial court lacked any legal basis to dismiss her complaint; (2) the trial court erred by denying her discovery motion; (3) the trial court erred by dismissing her complaint with prejudice rather than without prejudice, and (4) she should have been permitted to prosecute the complaint on a self-represented basis.

II.

Our standard of review concerning a "dismissal of a complaint with prejudice is whether the trial court abused its discretion, a standard that cautions appellate courts not to interfere unless an injustice appears to have been done."

5

Abtrax Pharm. v. Elkins-Sinn, 139 N.J. 499, 517 (1995). Moreover, we must defer to the trial court's findings of fact and conclusions of law "unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (quoting Fagliarone v. Twp. of No. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)).

Rule 4:37-2(a) states that "[f]or failure of the plaintiff . . . to comply with these rules or any order of the court, the court in its discretion may on defendant's motion dismiss an action or any claim against the defendant. Such a dismissal shall be without prejudice unless otherwise specified in the order." Our Court has instructed that the "ultimate sanction" of dismissal of a complaint with prejudice should be imposed "only sparingly." Zaccardi v. Becker, 88 N.J. 245, 253 (1982). "The dismissal of a party's cause of action, with prejudice, is drastic and is generally not to be invoked except in those cases in which the order [] goes to the very foundation of the cause of action, or whether the refusal to comply is deliberate and contumacious." Abtrax Pharm., 139 N.J. at 514 (quoting Lang v. Morgan's Home Equip. Corp., 6 N.J. 333, 339 (1951)). In addition, because "dismissal with prejudice is the ultimate sanction, it will

6

normally be ordered only when no lesser sanction will suffice to erase the prejudice suffered by the nondelinquent party, or when the litigant rather than the attorney was at fault." Ibid. (quoting Zaccardi, 88 N.J. at 253).

III.

Guided by these legal standards, we conclude the trial court did not err in dismissing plaintiff's complaint with prejudice. The trial court's March 3, 2023 order required plaintiff to retain an attorney to draft and file an amended complaint and her failure to do so was in direct violation of the order and our remand directive. Following the court's dismissal of plaintiff's complaint without prejudice by its May 12 order, plaintiff failed to file a motion to reinstate her complaint or retain an attorney at the time the motion to dismiss with prejudice was heard ten months later in March 2024. We agree with the trial court that plaintiff had sufficient time to comply with the trial court's order and our directives requiring her to retain an attorney and requiring the attorney to prepare and file an amended complaint including all causes of action in the administrators' names. We further determine, as did the trial court, that defendants had a strong right to finality under these circumstances. Therefore, we conclude the order dismissing plaintiff's complaint with prejudice was

7

appropriate and plaintiff's argument that the court had no legal basis to order the dismissal lacks merit.

We further determine there is no merit to plaintiff's argument that the court's denial of her discovery motion was error. Since a trial court's discovery rulings are "entitled to substantial deference," we review for an abuse of discretion. DiFiore v. Pezic, 254 N.J. 212, 228 (2023) (quoting State v. Stein, 225 N.J. 582, 593 (2016)). We "generally defer to a trial court's disposition of discovery matters unless the court has abused its discretion, or its determination is based on a mistaken understanding of the applicable law." Rivers v. LSC P'ship, 378 N.J. Super. 68, 80, (App. Div. 2005) (citing Payton v. New Jersey Tpk. Auth., 148 N.J. 524, 559 (1997)).

We previously determined that "[p]laintiff must be represented by an attorney throughout the renewed trial court proceedings." Liu I, slip op. at 17. We further determined that "[p]laintiff may renew her motion for discovery after filing and serving her amended complaint for consideration in the first instance by the trial court." Ibid. Plaintiff's demand for discovery does not comport with our prior ruling requiring representation by an attorney which, by implication, requires any discovery to be propounded by such attorney. Therefore, the trial court's denial of plaintiff's discovery enforcement motion was clearly

8

appropriate since plaintiff served the discovery as a self-represented litigant and prior to an amended complaint being filed contrary to our remand directives.

We further conclude plaintiff's contention that she should be permitted to prosecute the complaint on a self-represented basis lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only that the basis for our remand order requiring plaintiff to be represented by an attorney was set forth in detail in our opinion and she failed to appeal our order in the time required by Rule 2:12-2, making our determination non-reviewable and final.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-2058-23