JAY ESCOETT, PLAINTIFF-APPELLANT, v. ALDECRESS
COUNTRY CLUB, A CORPORATION OF THE STATE OF
NEW JERSEY, *ET AL.*, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued August 26, 1957—Decided September 20, 1957.

Artaserse, J. S. C. (temporarily assigned), dissented.

Before Judges FREUND, CAFIERO and ARTASERSE.

*Mr. Arthur C. Gillette* argued the cause for the plaintiff-appellant.

*Mr. Milton Rosenkranz* argued the cause for the defendants-respondents, and appeared as attorney for the defendants-respondents Donald J. Flamm and Donmor Realty Corporation.

*Mr. George F. Losche* for the defendants-respondents Aldecress Country Club (*Messrs. Losche and Losche,* attorneys).

*Mr. Max Eisenstein* for the defendants-respondents Milton Flamm, Jacob Schneider, C. Conrad Schneider, Sidney Flamm, Tex Herbert and William Mangin (*Messrs. Eisenstein and Eisenstein,* attorneys).

The opinion of the court was delivered by
CAFIERO, J. S. C. (temporarily assigned). Plaintiff appeals from the dismissal of his amended complaint with prejudice by the trial court, which based its action on the grounds that plaintiff (a) failed to prosecute this action for over six months; (b) was adjudged guilty of contempt; (c) violated a court order; (d) had unclean hands; (e) was not a fit and proper party to be the representative of defendant corporation, Aldecress Country Club, in this derivative shareholders' action.

Plaintiff alleges that the court abused its discretion in denying his application for adjournment of defendants' motion to dismiss the amended complaint with prejudice.

The parties have been in litigation since December 29, 1953. On that date plaintiff, who was a member of the defendant Aldecress Country Club, filed a complaint on behalf of himself and all other members who desired to join the proceedings (to date none have), alleging that the individual defendants were diverting club assets to their own private profit and benefit, and demanding an accounting. The complaint was dismissed as being defective in that it failed to allege the plaintiff had sought aid from the membership body as required by *R. R.* 4:36–2 and was not properly verified; but, on certification, the Supreme Court reversed, *Escoett v. Aldecress Country Club,* 16 *N. J.* 438 (1954).

On January 18, 1955, on remand, the parties consented to the entry of an order giving plaintiff discovery of the corporate defendant's (Aldecress Country Club) records, upon terms which can be stated briefly thus:

(a) Plaintiff was to amend his complaint (which was done).

(b) Defendants were to answer the amended complaint within 30 days after delivery to each of them, or to their attorneys, of copies of the accountant's final report provided for in paragraph (d), to follow.

(c) There was not to be any examination of parties or witnesses prior to filing of answer.

(d) The accounting firm of Ernst & Ernst was authorized to inspect the books and records of the Aldecress Country Club, and make an accounting report to the plaintiff for the period from June 1, 1946 to December 31, 1953, and to simultaneously deliver their report to the attorneys for the respective parties.

(e) The parties to the action were to refrain from publishing, sending or circulating any communication which may be scandalous or scurrilous in character, and from any unseemly conduct during the pendency of this action.

The discovery proceeded, but the examination was not completed by reason of the fact that the accounting firm stopped its investigation on July 1, 1956 when plaintiff failed to pay the balance of the $27,000 bill rendered for their services up to that date.

In June 1956 plaintiff was found guilty of contempt for violating the court's order by sending certain communications to club members. He appealed *pro se,* and after his appeal was dismissed because of his failure to file a brief in time, he sought certification *pro se.* It was denied on November 5, 1956, 22 *N. J.* 451.

Plaintiff's original counsel formally withdrew, but obtained an order fixing a lien on plaintiff's cause of action for over $13,000 to secure unpaid counsel fee. Plaintiff has been substituted as attorney *pro se* in this action, and apparently has failed to do anything in furtherance of the prosecution of this action.

Seven months after the last court proceeding, on February 21, 1957, after but six days actual notice to plaintiff, defendants moved for dismissal with prejudice. The plaintiff appeared through counsel, who was representing him only for the purpose of seeking an adjournment of the motion to dismiss, in order to enable plaintiff to obtain counsel to represent him on the argument of that motion. The court denied the adjournment and dismissed with prejudice. This appeal has been taken therefrom. The propriety of the denial of the adjournment and the dismissal of the amended complaint with prejudice is challenged.

While it appears that the proceedings have been delayed beyond what the court considers a reasonable time, without sufficient grounds therefor, the denial to adjourn and the dismissal of the plaintiff's cause of action at the present stage of the proceedings is drastic punishment, especially here, where he has incurred such substantial expense. The court below appears to have been motivated principally upon plaintiff's past conduct in repeatedly sending vilifying communications to club members concerning the defendants, as a result of which he had been adjudged guilty of contempt of

the order of that court; and for that reason, was not entitled to seek consideration from the court on his motion to adjourn for the purpose of obtaining counsel to represent him.

In the case of *Allegro v. Afton Village Corp.*, 9 *N. J.* 156 (1952), the Supreme Court considered this same question, *i. e.,* "Under the circumstances, did the court below exceed its discretion in refusing to grant an adjournment of the trial of the cause?" In that case, too, plaintiff had been unable to retain counsel, and on application for adjournment the court also stated that he had already had all the consideration to which he was entitled, having had three weeks' notice that the case was to be tried on a certain date. In the instant case Escoett had six days' actual notice that the motion to dismiss would be argued on February 21, 1957. In the *Allegro* case, 9 *N. J.* at *page* 160, the Supreme Court stated: "The dismissal of a party's cause of action is drastic punishment and should not be invoked except in those cases where the actions of the party show a deliberate and contumacious disregard of the court's authority. *Lang v. Morgan's Home Equipment Corp.,* 6 *N. J.* 333 (1951). * * * Courts exist for the sole purpose of rendering justice between [the] parties according to law. * * * [It] is highly to be desired, that the duty of administering justice in each individual case must not be lost sight of as their paramount objective. *Pepe v. Urban,* 11 *N. J. Super.* 385 (*App. Div.* 1951)." In the *Allegro* case Chief Justice Vanderbilt, in a dissenting opinion, stated that "the action of the trial court in denying a second adjournment must be considered in the light of all that had previously transpired in the case." While plaintiff's conduct might well be deemed contumacious on previous occasions, there was no evidence whatsoever that his failure to have an attorney at the argument date was due to other than the limited notice he received. On the contrary, he had attempted to retain the attorney who appeared for him to request the adjournment, but was unable to do so.

On the basis of these facts, an adjournment should have been granted. To deny it upon the basis of his past contu-

macious conduct, which had no bearing upon his request, is to pass upon the merits of the charge that his unclean hands should preclude him from seeking equitable relief. Before that can be decided, he should be heard. See also *Pepe v. Urban, supra.* Further, in the light of all that had transpired in this case, and in consideration of the rather large sums already expended or which the plaintiff is obligated to pay, and from which he has received no benefit whatsoever, it is harsh to deny him the opportunity of obtaining counsel which the adjournment would have permitted, especially when the additional short delay would not have rendered the defendants any loss, harm or inconvenience.

The action of the court below in denying the motion to adjourn is reversed, and for this reason the dismissal of the complaint with prejudice must also be reversed, without a consideration of the dismissal on its merits. Plaintiff is entitled to a reasonable adjournment to permit him to obtain counsel to represent him at the hearing on the motion to dismiss. No costs are to be allowed.

ARTASERSE, J. S. C. (temporarily assigned) (dissenting). I am impelled to disagree with my colleagues. I would affirm the action of the trial court in dismissing with prejudice the within cause of action.

The facts are sufficiently set forth in the opinion of the majority. Although the trial court based its action on five separate grounds, it is my conclusion that its "dismissal with prejudice" should be sustained on the ground that the plaintiff failed to prosecute his cause of action for more than six months within the purview of *R. R.* 4:42–2(a).

The majority indicate that the trial court was motivated in its action because of plaintiff's prior contemptuous conduct. In applications of this type it is necessary for the trial court to enter into the nature of the matter and all the factors, circumstances and situations of the parties. Who, better than the trial court, would be in a position to understand and appraise a litigant's tactics in the prosecution of

his cause of action? The test is not what we would do under the same circumstances, but rather whether the action of the trial court was arbitrary, capricious and a manifest denial of justice as without basis in law or fact. As was stated in *Hartpence v. Grouleff*, 15 *N. J.* 545, 549 (1954), which was an application for a new trial in the Law Division in an automobile negligence suit: "His action should not be disturbed unless it clearly and unequivocally appears there was a manifest denial of justice under the law." The same reasoning applies here.

The plaintiff did nothing for more than seven months to prosecute his course of action. The record indicates that when he was advised by his accountants that they would not continue the examination and inspection of the records of the corporate defendant beyond July 1, 1957, unless they were paid, he permitted the work to stop although the accountants communicated with him several times for some indication of his intentions, even after July 1. Moreover, plaintiff never made any application to the court or sought the consent of the defendants for a stay of the consent order of January 18, 1955, until he was able financially or otherwise to continue the probe. Nor did he give the court or the defendants any indication of his intention to abandon the probe and proceed to trial on his complaint.

The plaintiff was acting as his own attorney at the time the defendants moved to dismiss. But at the time this cause of action was instituted he was represented by his nephew, a member of the bar of this State, who, although substituted by other attorneys, attended every court hearing in the matter including the argument on this appeal. The plaintiff has not been without legal advice in this matter.

On the argument for dismissal plaintiff was represented by counsel who expressly told the court the limited extent of his representation—merely to seek an adjournment to permit plaintiff to obtain other counsel. Counsel did not condition his application with any offer to proceed within a reasonable time, nor did he give the court any excuse for the plaintiff's failure to prosecute, nor did he demonstrate

to the court any extenuating circumstances why the plaintiff had not actively prosecuted his cause of action, nor was anything said about whether the plaintiff ever intended to proceed or not. The plaintiff had attended every other court hearing but this one. However, his nephew was in court. Under the circumstances here the action of the trial court was not an abuse of discretion, arbitrary, capricious, nor a manifest denial of justice.

The majority cite three cases as authority for reversing the trial court. Although I agree with the law expressed therein, a perusal of the facts in these cases reveal that they are inapposite here. Rather, I am persuaded that we should be guided by the principles set forth in *Pagano v. Krispy Kernals, Inc.*, 10 *N. J. Super.* 588, at *pages* 590, 591 (*Sup. Ct. Law Div.* 1950) where Judge Proctor stated:

"The obvious purpose of the above rule is to keep a plaintiff's interest active.  *  *  *
*  *  *  *  *  *  *  *
Defendant no less than plaintiff is entitled to the protection afforded by the rules.

It is unpleasant for the court to dismiss actions because of failure to abide by the rules, but if the rules are to have any significance they must be respected by the bar as well as the bench."

If the defendants had not moved to dismiss, plaintiff would have been content to keep his cause of action suspended like Damocles' sword ready to strike the defendants whenever it would serve his purpose to do so.