NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2619-22

MARY HORNE, EVANGELINE
UGORJI, and ROBIN VAUGHN,

      Plaintiffs-Appellants,

v.

JASI MIKAE EDWARDS,
YAZMINELLY GONZALEZ,
JOSHUA L. BAKER, BRANDON
GARCIA, Trenton City Clerk, and
PAULA SOLLAMI-COVELLO,
Mercer County Clerk,

      Defendants-Respondents.

<div style="border:1px solid black;">

**APPROVED FOR PUBLICATION**

**December 5, 2023**

**APPELLATE DIVISION**

</div>

Argued November 6, 2023 – Decided December 5, 2023

Before Judges Sabatino, Marczyk, and Chase.

On appeal from the Superior Court of New Jersey,
Law Division, Mercer County, Docket No. L-0402-23.

Bryce Wallace Newell argued the cause for appellants
(Freeman Mathis & Gary, LLP, attorneys; Bryce
Wallace Newell, on the briefs).

Scott D. Salmon argued the cause for respondent
Brandon Garcia (Jardim, Meisner & Susser, PC,
attorneys; Scott D. Salmon, of counsel and on the
brief; John J. Zunin and Alexa Foster, on the brief).

Paul R. Adezio, Mercer County Counsel, attorney for respondent Paula Sollami-Covello (Paul R. Adezio, on the statement in lieu of brief).

The opinion of the court was delivered by

MARCZYK, J.A.D.

This appeal involves a petition to invalidate the candidacies of two individuals elected to the Trenton City Council. Plaintiffs Robin Vaughn, Mary Horne, and Evangeline Ugorji allege defendant Yazminelly Gonzalez was ineligible to run for office because she did not satisfy the requirement that she reside in Trenton for one year prior to the election. They also allege defendant Jasi Mikae Edwards was ineligible for office because she had a criminal history in Pennsylvania.[1] Plaintiffs appeal the trial court's March 22, 2023 order dismissing the petition. Following our review of the record and the applicable legal principles, we affirm.

I.

Gonzalez filed a petition for nomination to run for Trenton City Council in July 2022, stating she had resided at 449 Parkway Avenue in Trenton "for at

---

[1] The petition also named Joshua Baker (Gonzalez's significant other), Trenton City Clerk Brandon Garcia, and Mercer County Clerk Paula Sollami-Covello as defendants. Plaintiffs do not challenge the dismissal of Baker or the Mercer County Clerk. Only the Trenton Clerk filed opposition, which asserted arguments on behalf of his office, Gonzalez, and Edwards.

least one . . . full year." In September 2022, Vaughn challenged Gonzalez's candidacy by filing a written objection with the City Clerk. Thereafter, the City Clerk requested documentation from Gonzalez to determine whether she satisfied the residency requirements. Gonzalez provided her driver's license, bank statements, tax returns, paystubs, utility bills, and other documents evidencing her Parkway Avenue address. On September 12, 2022, the City Clerk determined Gonzalez met the residency requirements, and her name was placed on the ballot.

Vaughn subsequently contacted the Mercer County Prosecutor to challenge the finding Gonzalez had satisfied the residency requirements. In October 2022, the Prosecutor responded that the City Clerk had already found Gonzalez to be a Trenton resident, and neither his office nor the Attorney General had primary jurisdiction to investigate the residency of council candidates. The Prosecutor advised Vaughn to contact the New Jersey Election Law Enforcement Commission ("ELEC") if she wished to further pursue the issue.[2]

---

[2] Vaughn contacted ELEC, but there is no indication the agency took any action, presumably because it administers campaign finance rules and regulations and does not appear to have any jurisdiction over a challenge to a candidate's residency.

A-2619-22

On November 8, 2022, Trenton held an election. No candidate for City Council received more than fifty percent of the total number of votes, so a run-off election was held on January 24, 2023. In the run-off election, Gonzalez and Edwards won two of the three available council seats and were sworn in on February 3, 2023.

Vaughn asserts she electronically submitted a pro se verified petition on February 27, 2023, pursuant to N.J.S.A. 19:29-1, challenging the candidacies of Gonzalez and Edwards. The petition also named Horne and Ugorji as plaintiffs. Vaughn contends she filed the petition prior to midnight, but the electronic submission indicated it was received after midnight on February 28, 2023, beyond the statute of limitations. Horne and Ugorji did not sign the original petition but sought to have their signatures added at a later date. Plaintiffs requested "expedited treatment" of the petition because it was an election challenge. On March 1, 2023, the matter was assigned a trial date of March 22, 2023, because N.J.S.A. 19:29-4 requires an election matter be heard within fifteen to thirty days of the filing of the petition.

On March 8, 2023, Gonzalez moved to dismiss the petition, alleging it was untimely and that plaintiffs had no standing because they failed to comply with the signatory requirements in N.J.S.A. 19:29-2, which require a minimum

of fifteen voters to sign the petition if not executed by a defeated candidate.[3] On March 13, 2023, the Mercer County Clerk also moved to dismiss on grounds the petition was untimely and that plaintiffs lacked standing. On March 16, 2023, Taiwanda Terry-Wilson, a candidate for Council who had been defeated in the run-off election, moved to add her signature to the petition. The court denied her request because it was made beyond the statutory period.

On March 21, 2023, the eve of trial, plaintiffs requested at least a thirty-day adjournment to obtain counsel. Plaintiffs stated, "[t]he reason for our request is that we have had an extremely difficult time contracting an attorney . . . who can pass the conflict check. However, just recently, in the past [twenty-four] hours, we entered negotiations with an attorney to represent us on this case." Gonzalez opposed the request, arguing N.J.S.A. 19:29-4 requires the court to conduct a hearing between fifteen and thirty days following the filing of pleadings, and that adjournments are only permitted if the need is established by affidavit. The court sent a notice through eCourts denying the request, but permitted plaintiffs to renew their request at the hearing.

---

[3] None of these plaintiffs were defeated candidates pursuant to N.J.S.A. 19:29-2.

The next day, on March 22, 2023, the court conducted a hearing. It heard argument on the timing of plaintiffs' complaint and plaintiffs' standing. Following argument, the court proceeded to hear testimony from Gonzalez. She testified that after living in Trenton for many years, she purchased a home in Hamilton Township on July 7, 2020. In September 2020, she changed her voter registration address to Hamilton Township. In October 2020, she sold her Trenton home. In February 2021, Gonzalez asserted she began to live part-time at the 449 Parkway Avenue property owned by her significant other, Baker. However, she voted in Hamilton Township in the June 2021 election. She claimed, as of June 2021, she was living predominantly at the Parkway Avenue address. On October 27, 2021, she changed her voter registration from Hamilton Township to Trenton. She voted in Trenton in November 2021.

The evidence presented by plaintiffs indicated that 449 Parkway Avenue did not receive a certificate of occupancy until August 2022. That same month, Trenton Water Works installed a new meter at the address because, prior to that date, apparently there had been no payments for water at the property.

Nevertheless, Gonzalez certified and testified that Baker purchased 449 Parkway Avenue, and she resided there with him; there was running water in the house even though the water meter was not connected, so they did not

6

receive a water bill; she purchased a home in Hamilton Township where her mother and brother reside; and, as of the summer of 2021, she was living full-time at 449 Parkway Avenue.

With respect to Edwards' eligibility, the record reflected in March 2019, Edwards was convicted in Bucks County, Pennsylvania, of "retail theft" under 18 Pa. Cons. Stat. § 3929. The conviction was decided summarily. The Pennsylvania court required Edwards to pay approximately $250, including fees. When submitting her petition for her candidacy, Edwards disclosed the Pennsylvania conviction.

The court determined plaintiffs' petition was filed outside of the statute of limitations and that plaintiffs had no standing to bring the action based on the inadequate number of signatories on the petition under N.J.S.A. 19:29-2. Nevertheless, the court considered plaintiffs' petition on the merits. The court ultimately found Gonzalez credible and that she satisfied the residency requirement because she was a resident of Trenton for one year and twelve days prior to the election. With respect to Edwards, the court found the offense against her was a summary offense, given that the matter was resolved in the magisterial district court, citing 42 Pa. Cons. Stat. § 1515, and therefore did not render Edwards ineligible under N.J.S.A. 2C:51-2. Accordingly, the

court dismissed the petition against Gonzalez and Edwards. This appeal followed.

## II.

Plaintiffs advance several arguments on appeal. They contend their petition was timely filed, they established standing, the trial court erred in denying their request for an adjournment, the court erred in addressing the substantive issues involving Gonzalez's and Edwards' eligibility to run for office, and that the court improperly limited their testimony. We address each of these arguments in turn below.

Our appellate review of a trial judge's fact-findings is limited by well-settled, controlling principles. "We are not to review the record from the point of view of how we would have decided the matter if we were the court of first instance." Sebring Assocs. v. Coyle, 347 N.J. Super. 414, 424 (App. Div. 2002). "Findings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974); see also Sager v. O.A. Peterson Constr., Co., 182 N.J. 156, 163-64 (2004). "While we will defer to the trial court's factual findings . . . , our review of the trial court's legal conclusions is de novo." 30 River Ct. E. Urb. Renewal Co. v. Capograsso, 383 N.J. Super. 470, 476 (App. Div. 2006) (citing Rova Farms, 65 N.J. at 483-84;

8

Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). Our review of orders that dismiss claims for lack of standing is also de novo. Courier-Post Newspaper v. Cnty. of Camden, 413 N.J. Super. 372, 381 (App. Div. 2010).

A.

Plaintiffs argue the court erred in finding the petition was untimely filed and that they lacked standing to challenge the election of Gonzalez and Edwards.

Initially, we note that although the trial court determined the petition was untimely because it was not filed until February 28, 2022, it nevertheless addressed plaintiffs' substantive arguments.[4] Even if the court erred on the statute of limitations issue and the petition was timely, its ruling did not produce an unjust result because it ultimately entertained plaintiffs' claims on the merits. "Any error or omission shall be disregarded by the appellate court unless it is of such a nature as to have been clearly capable of producing an unjust result . . . ." R. 2:10-2. Here, we also assume for the purposes of this appeal the petition was timely filed, and we need not address the statute of

---

[4] N.J.S.A. 19:29-3 allows a party thirty-two days to contest an election. Here, the election occurred January 24, 2023, so the thirty-two-day deadline was February 27, 2023, even though the statutory period ended on February 26—because that was a Sunday—so the deadline was effectively Monday.

limitations issue given our conclusion plaintiffs lacked standing to maintain their claims in this matter.

Turning to the standing issue, N.J.S.A. 19:29-2 mandates a petition challenging an election be signed by at least fifteen voters in the county or, alternatively, by a candidate defeated in the election. Here, the court found there were at most three signatures[5] on the petition, instead of the required fifteen. Plaintiffs argue the court erred in failing to allow them to introduce evidence of the additional voters' signatures they procured in support of their petition after it was filed and that these signatures gave them standing to challenge the election because they submitted the petition with the requisite number of signatures at trial.

Plaintiffs' standing argument is unavailing as a matter of law. The trial court properly determined plaintiffs failed to comply with N.J.S.A. 19:29-2. The court noted there was an untimely attempt to cure the defect in the petition by adding a defeated candidate. However, her signature was not added to the petition until after the statutory period, so it did not, in fact, confer standing. Additionally, we conclude the late attempt to add several additional voters to the petition on the day of the March 22, 2023 hearing, well beyond the statute

---

[5] The court observed that even Horne and Ugorji's signatures were out of time, as they did not sign the original petition.

of limitations, was improper. Plaintiffs failed to cite to any controlling authority which would allow them to supplement the existing signatures on the petition on the day of trial after the time period set forth in N.J.S.A. 19:29-3.

Although plaintiffs allege the two elected candidates failed to comply with the statutory requirements of eligibility, the statutory requirements for a valid petition under N.J.S.A. 19:29-2 and -3—which they themselves did not satisfy—are no less important. The Legislature has made the submission of a compliant petition meeting all of the criteria of N.J.S.A. 19:29-2 and -3 a prerequisite to proceed with an election challenge. The fifteen-signature requirement helps assure that petitions have sufficient support to proceed to justify the consumption of resources and the interim public uncertainty they will cause. Accordingly, plaintiffs did not have proper standing to contest the eligibility of Gonzalez and Edwards.

We reiterate that despite the trial court finding plaintiffs had not established standing, it still went on to address plaintiffs' remaining arguments. For completeness, we do the same.

B.

Plaintiffs argue the court erred in denying an adjournment so they could obtain legal counsel. Plaintiffs requested the adjournment the day before trial and then renewed the request again at the hearing. The court denied both

applications. At the hearing, the court asked plaintiffs to describe their attempts to find counsel but found their response inadequate and refused to adjourn the trial. The court noted plaintiffs did not provide adequate details about their efforts to retain counsel such as phone calls, meetings, or names and numbers of attorneys contacted. Because of the lack of information provided, the court could not determine why plaintiffs had trouble finding an attorney. The court further noted the motion to adjourn had been made late in the process and cited In re Contest of November 8, 2005 General Election for Office of Mayor of Township of Parsippany-Troy Hills, 192 N.J. 546, 572 (2007), for the proposition that an untimely petition could be disruptive to municipal business. For that additional reason, the court declined to adjourn the matter.

Denial of a motion to adjourn trial is reviewed for abuse of discretion. Kornbleuth v. Westover, 241 N.J. 289, 300 (2020).

> An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably depart[s] from established policies or rest[s] on an impermissible basis.'" Put differently, "a functional approach to abuse of discretion examines whether there are good reasons for an appellate court to defer to the particular decision at issue," which must not be "arbitrary, capricious, whimsical or manifestly unreasonable[.]"
>
> [Mernick v. McCutchen, 442 N.J. Super. 196, 204 (App. Div. 2015) (alterations in original) (quoting

A-2619-22

> Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571
> (2002)).]

"An abuse of discretion also arises when 'the discretionary act was not premised upon consideration of all relevant factors . . . or amounts to a clear error in judgment.'" Moraes v. Wesler, 439 N.J. Super. 375, 378 (App. Div. 2015) (quoting Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)).

N.J.S.A. 19:29-5 permits the court to allow adjournments in election matters, for not more than thirty days, if the grounds for such adjournment are shown by affidavit.[6] The right of a trial court to manage the orderly progression of cases is inherent in its function. Casino Reinvestment Dev. Auth. v. Lustgarten, 332 N.J. Super. 472, 488 (App. Div. 2000).

Plaintiffs maintain on appeal they were entitled to an adjournment and rely on Allegro v. Afton Village Corp., 9 N.J. 156, 160-61 (1952). There, the Court stated that an adjournment should be granted when it does not prejudice any party, and we should only interfere if an injustice has been done. Ibid. Plaintiffs make much of the fact that, in Allegro, the Court determined a motion to adjourn made on the day of trial should have been granted, while

---

[6] Vaughn, who requested the adjournment on the eve of trial, did not file an affidavit setting forth the grounds for the requested adjournment as required by N.J.S.A. 19:29-5.

here, plaintiffs' motion was submitted on the eve of trial and the court denied it.

However, Allegro is distinguishable because it did not involve an election matter, and, significantly, the Court found that a short adjournment would not create prejudice. Ibid. Here, by contrast, the court noted that election matters were meant to be heard within thirty days of the election. In fact, N.J.S.A. 19:29-4 provides, in relevant part, that for election matters, "[t]he judge shall appoint a suitable time for hearing such complaint, not more than [thirty] nor less than [fifteen] days after the filing of the petition . . . ." The thirty-day deadline for a hearing (March 30, 2023) was approaching when plaintiffs first requested the adjournment. The court determined that it would be prejudicial and contrary to legislative intent to delay the matter under those circumstances and denied the adjournment.

In support of their adjournment argument, plaintiffs also cite Escoett v. Aldecress Country Club, 46 N.J. Super. 345, 350 (App. Div. 1957) ("short delay [caused by adjournment] would not have rendered the defendants any loss, harm or inconvenience."); Waters v. Island Transportation Corp., 229 N.J. Super. 541, 552 (App. Div. 1989) ("No eagerness to expedite business, or to utilize fully the court's time, should be permitted to interfere with our high duty of administering justice in the individual case." (quoting Pepe v. Urban,

14

11 N.J. Super. 385, 389 (App. Div. 1951))); and <u>Steiginga v. Thron</u>, 30 N.J. Super. 423, 426 (App. Div. 1954) ("A case should not be dismissed for failure of a party to be ready for trial unless his actions show a deliberate and contumacious disregard of the court's authority.").

In response, defendant cites <u>In re November 2, 2010 General Election for Office of Mayor in South Amboy</u>, 423 N.J. Super. 190, 209 (App. Div. 2011), for the notion that "[e]lection statutes are designed to provide a speedy and efficient mechanism for a challenge to be brought and completed . . . ." To that end, the trial court "is given broad discretion over the control and direction of the proceedings . . . ." <u>Ibid</u>.

Here, despite their pro se status, plaintiffs were required to provide sufficient evidence to substantiate their claim that they were not able to find an attorney. At the time the motion to adjourn was made, plaintiffs asserted they found an attorney who, within the prior twenty-four hours, agreed to represent them. However, they never named that attorney or any other attorney they allegedly had contacted. For purposes of <u>Rule</u> 1:4-8, self-represented litigants must comply with court rules. <u>Venner v. Allstate</u>, 306 N.J. Super. 106, 110-12 (App. Div. 1997). They also must comply with evidentiary requirements. <u>See</u> <u>Toll Bros., Inc. v. Twp. of W. Windsor</u>, 190 N.J. 61, 68 (2007).

15

We conclude the court did not misuse its discretion in denying an adjournment under the circumstances of this case because election matters are meant to be heard expeditiously, and plaintiffs did not provide sufficient details as to their search for an attorney that would have substantiated their need for an adjournment. Moreover, this litigation and trial date was not a surprise of any nature for plaintiffs. Plaintiffs sought "expedited treatment" of the case in their petition, and Vaughn had been pursuing these issues for several months. She challenged Gonzalez's eligibility to run for office in September 2022. Thereafter, Vaughn contacted the Mercer County Prosecutor's Office objecting to their candidacies.

More importantly, the denial of the adjournment was inconsequential. Even if the trial court had granted a short adjournment and plaintiffs had thereafter secured counsel, the attorney's presence could not have cured the statutory deficiency of plaintiffs' insufficiently-signed petition.

C.

We now turn, for sake of completeness, to plaintiffs' substantive arguments. Plaintiffs argue the court erred in determining Gonzalez satisfied the residency requirements and Edwards was eligible to run for office in spite of her criminal record.

1.

N.J.S.A. 40A:9-1.13 and Trenton, N.J., Code § 2-95 provide that a candidate for local office must be registered to vote and must be a resident of the locality for at least one year prior to the date of the election. Plaintiffs contend there were disputed facts as to Gonzalez's residency, and the court "failed to make any factual finding." However, the court recognized there were factual disputes based on the evidence submitted, and therefore, the court proceeded to consider the testimony of Gonzalez. Moreover, the court went on to make findings of fact contrary to plaintiffs' assertions. The court concluded Gonzalez was credible. It found that she lived at the Parkway Avenue address as of June 2021, and had water service there. Specifically, the court stated, "[t]he [c]ourt . . . having considered the certification of . . . Gonzalez and her testimony . . . finds the information therein only bolsters the finding that the voter registration [and] residency requirement[s] were met, and the [c]ourt finds [her] to be credible and accepts her testimony." Ultimately, the court determined Gonzalez resided at 449 Parkway Avenue and was a registered voter in Trenton for one year and twelve days prior to the election.

Plaintiffs contend the court erred in prohibiting the testimony of Baker, who owned 449 Parkway Avenue. In response to Baker's request to speak, the court stated, "[n]o, probably better off if you did[ not]. . . . You[ are] not a candidate. You can[not] be thrown out of office, Mr. Baker." Accordingly, it

17

appears the court was suggesting Baker need not testify because it was addressing the fact that there was not a viable legal claim against Baker in this election contest.

"In determining relevance, the trial court should focus on 'the logical connection between the proffered evidence and a fact in issue[,]' or 'the tendency of evidence to establish the proposition that it is offered to prove.'" Wymbs ex rel. Wymbs v. Twp. of Wayne, 163 N.J. 523, 534 (2000) (quoting Green v. N.J. Mfrs. Ins. Co., 160 N.J. 480, 492 (1999)). The trial court is granted broad discretion in determining the relevance of the evidence. Green, 160 N.J. at 492.

Importantly, although the court advised Baker there was no need to testify on behalf of himself given that he was not a proper party in an election contest, there is no indication the court barred plaintiffs from independently calling Baker as a witness on the issue of Gonzalez's residency. At the close of testimony, the court asked, "[a]nything else before I figure out what to do? From anyone?" Plaintiffs were also asked if they had any "other testimony or witnesses." Plaintiffs never indicated at the hearing they wished to call Baker as a fact witness to explore his knowledge about Gonzalez's residence. Nor did they interpose any objection when the court determined Baker did not have to testify.

18

The court's statement to Baker that he did not have to testify, therefore, is subject to review only for plain error—that is, error which has a "clear capacity for producing an unjust result." Tartaglia v. UBS PaineWebber, Inc., 197 N.J. 81, 128 (2008) (quoting Fertile v. St. Michael's Med. Ctr., 169 N.J. 481, 493 (2001)). We conclude there was no plain error under these circumstances.

Plaintiffs also argue the court erred because Gonzalez purchased a home and registered to vote in Hamilton Township a mere seven months prior to the election. They further argue Gonzalez failed to provide proof she actually resided in Trenton because there was no running water at 449 Parkway Avenue during the period Gonzalez asserted she lived at the property.

We do not disturb the factual findings of a trial court unless they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015) (quoting Rova Farms, 65 N.J. at 484). Here, the court examined the documentary evidence and heard the testimony of Gonzalez, whom it found credible. On this basis, the court concluded Gonzalez satisfied the residency requirement. The court's findings were based on competent credible evidence in the record, and we discern no basis to disturb them.

Turning to the arguments concerning Edwards' eligibility, we note

N.J.S.A. 2C:51-2(a) provides:

> A person holding any public office, position, or employment, elective or appointive, under the government of this State . . . , who is convicted of an offense shall forfeit such office, position or employment if:
>
> (1) He is convicted under the laws of this State of an offense involving dishonesty or of a crime of the third degree or above or under the laws of another state or of the United States of an offense or a crime which, if committed in this State, would be such an offense or crime;
>
> (2) He is convicted of an offense involving or touching such office, position or employment; or
>
> (3) The Constitution so provides.

N.J.S.A. 2C:51-2(b) provides that a court should enter an order of

forfeiture:

> (1) Immediately upon a finding of guilt by the trier of fact or a plea of guilty entered in any court of this State . . . ; or
>
> (2) Upon application of the county prosecutor or the Attorney General, when the forfeiture is based upon a conviction of an offense under the laws of another state or of the United States. . . .

When the forfeiture is based upon a conviction of a disorderly persons or petty disorderly persons offense, it may be waived by the court upon application of the county prosecutor or the Attorney General. N.J.S.A. 2C:51-2(e).

N.J.S.A. 2C:51-2(d) provides:

> any person convicted <u>of an offense involving or touching on his public office</u>, position or employment shall be forever disqualified from holding any office or position of honor, trust or profit under this State or any of its administrative or political subdivisions. As used in this subsection, "involving or touching on his public office, position or employment" means that the offense was related directly to the person's performance in, or circumstances flowing from, the specific public office, position or employment held by the person.
>
> [(Emphasis added).]

Plaintiffs argue the court erred because Edwards had a criminal history in Pennsylvania. They believe shoplifting qualifies as a crime of dishonesty and assert Edwards should be required to forfeit her public employment pursuant to N.J.S.A. 2C:51-2(a). Moreover, they believe the court should have ordered a hearing on the facts of Edwards' shoplifting offense prior to making any determination.

We disagree. N.J.S.A. 2C:51-2(a) authorizes forfeiture of public office or employment when a person is convicted while "holding" public office or employment if the offense: involves dishonesty, is a crime of at least the third

21

degree, or involves or touches upon the candidate's public office, position, or employment.  Importantly, Edwards was not convicted—while holding public office—of any predicate offense under N.J.S.A. 2C:51-2(a).  Instead, her conviction occurred in 2019, prior to her holding office.

Moreover, N.J.S.A. 2C:51-2(a) does not bar a person from seeking public office in the future based on a past conviction.  See, e.g., State v. Williams, 355 N.J. Super. 579, 587 (App. Div. 2002) (holding that a conviction justifying removal from office at time of conviction does not necessarily disqualify person from all future public office).  In fact, when submitting a petition for candidacy, the candidate must disclose prior criminal convictions.  N.J.S.A. 19:13-8.  Thus, a person may run for public office, notwithstanding a prior criminal conviction, so long as the candidate was not convicted of an offense "involving or touching on his public office."  N.J.S.A. 2C:51-2(d).  Here, Edwards' conviction for shoplifting occurred prior to her election to the Council, and the offense was unrelated to her holding public office.  Further, she disclosed it when she became a candidate.  Therefore, Edwards' conviction does not implicate N.J.S.A. 2C:51-2(d).

The evidence indicated Edwards was convicted of a first-time offense for shoplifting.  Because the matter had been decided summarily, according to Pennsylvania law, the offense must have involved merchandise valued at less

than $150. 18 Pa. Cons. Stat. § 3929(b)(i). In New Jersey, N.J.S.A. 2C:20-11(c)(4) provides that shoplifting is a disorderly persons offense when the full retail value of the merchandise is less than $200. Here, although the exact value of the merchandise Edwards shoplifted is unknown, the evidence established that it was less than $150. It follows that, if she had been convicted in New Jersey, she would have been convicted only of a disorderly persons offense.

For this reason, even assuming N.J.S.A. 2C:51-2(a) applies, we agree with the court that the Pennsylvania conviction does not require removal of Edwards' name from the ballot. A hearing was not required because the record contained the necessary information, given that it established a Pennsylvania magisterial district court heard the matter, and was therefore a summary offense.

Plaintiffs' arguments regarding Edwards' eligibility for elected office conflate the forfeiture and eligibility provisions of N.J.S.A. 2C:51-2. Plaintiffs emphasize in their brief they are challenging Edwards' eligibility, yet they focus on the forfeiture provisions of N.J.S.A. 2C:51-2(a), which only address offenses committed by elected officials while in public office. Plaintiffs ignore N.J.S.A. 2C:51-2(d), which deals with individuals ineligible to serve.

Here, it is undisputed Edwards' offense occurred prior to her election, and therefore N.J.S.A. 2C:51-2(a) is inapplicable.

We by no means suggest that a candidate's past shoplifting offense is a trivial matter or that such an offense could not be deemed an offense bespeaking dishonesty under N.J.S.A. 2C:51-2(a). Even so, plaintiffs plainly do not satisfy the requirements of the forfeiture statute. Moreover, Edwards properly disclosed the shoplifting offense when she filed her petition for candidacy, and the voters elected her despite that disclosure.

Lastly, we also observe that even if this was a forfeiture claim, plaintiffs lacked standing under N.J.S.A. 2C:51-2(b)(2), because only the county prosecutor or the Attorney General have standing to challenge the holder of public office "when the forfeiture is based upon a conviction of an offense under the laws of another state or of the United States. . . ." We note the Attorney General declined our invitation to participate in this appeal after receiving the briefs and the trial court's decision.

In sum, we find no merit to plaintiffs' substantive arguments because the record supported the court's ruling that Gonzalez satisfied the residency requirement and Edwards' conviction was not a disqualifying event under the facts presented.

D.

Plaintiffs also argue the trial court improperly curtailed their ability to speak or otherwise offer evidence. We are unpersuaded by these arguments. N.J.R.E. 611(a) states that "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment."

We apply a deferential standard of review to a trial court's order regarding the presentation of evidence. State v. Simon Fam. Enters., L.L.C., 367 N.J. Super. 242, 257 (App. Div. 2004). "A trial judge is responsible for the control and management of the trial and is vested with wide discretion to perform this function." State v. T.E., 342 N.J. Super. 14, 29 (App. Div. 2001). "Exercise of that discretion is ordinarily not interfered with unless there is a clear abuse of discretion which has deprived a party of a fair trial." Persley v. N.J. Transit Bus Operations, 357 N.J. Super. 1, 9 (App. Div. 2003). "We will not interfere with the trial judge's authority to control the scope of cross-examination 'unless clear error and prejudice are shown.'" State v. Messino, 378 N.J. Super. 559, 583 (App. Div. 2005) (quoting State v. Gaikwad, 349 N.J. Super. 62, 87 (App. Div. 2002)).

Plaintiffs take issue with the court's instruction that they may only have one turn to present their arguments, and they would not have a chance for

rebuttal, which they contend was a due process violation. Although the court initially indicated the parties may have only one chance to speak, they ultimately were provided an additional opportunity to speak or call witnesses. The judge asked plaintiffs following their argument if they had further comments. The court also asked plaintiffs if they had any "other testimony or witnesses" following their arguments. Moreover, at the end of Gonzalez's testimony, the court asked, "[a]nything else before I figure out what to do? From anyone?" Furthermore, the parties had ample time to argue and testify. The court did not misuse its discretion under N.J.R.E. 611. Additionally, due process requires a meaningful opportunity to be heard. Klier v. Sordoni Skanska Constr. Co., 337 N.J. Super. 76, 84 (App. Div. 2001). Plaintiffs were by no means foreclosed from fully testifying, calling witnesses, or introducing documents. In sum, both parties were given more than an adequate opportunity to be heard and present their evidence.

To the extent we have not specifically addressed any of plaintiffs' remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2619-22